### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### John WOODS, Appellee.

### No. 01–01–00323–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 3, 2002.

---

John Francis Davis, Austin, for Appellant.

Matt Hennessy, DeGuerin & Dickson, Houston, for Appellee.

Panel consists of COHEN, HEDGES, and TAFT, JJ.

## OPINION

TIM TAFT, Justice.

Appellant, Texas Department of Public Safety (DPS), appeals an order expunging criminal records of appellee, John Woods. DPS claims the order of expunction must be reversed due to insufficient evidence and conditionally asks that we abate the appeal and remand for entry of properly requested findings of fact and conclusions of law. We reverse and render.

### Facts and Procedural Background

Woods and a codefendant, Michael Munk, were indicted and arrested for misapplication of trust funds of West End Lumber Company, Inc. After the charges against them were dismissed, Woods and Munk filed petitions for expunction. The trial court considered the petitions along with the opposition of DPS, which appeared at the hearing to challenge expunction. Woods did not testify at the hearing and instead, relied solely on two documents pertaining to the underlying case. After admitting the documents into evidence and considering the arguments of counsel, the trial court signed the order of expunction. Despite a timely request and timely past-due notice, the trial court did not file findings of fact and conclusions of law.

### Challenge to Sufficiency of Evidence to Support Right to Expunction on Dismissal of Charges

DPS's second issue challenges the sufficiency of the evidence to support the order expunging Woods's indictment and arrest record. DPS contends there is no evidence or insufficient evidence that the charges against Woods had been dismissed for a reason indicating lack of probable cause to commit the offense, as required by article 55.01(a)(2)(A) of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A) (Vernon Supp. 2002).

### A. Standard of Review

DPS's "no evidence" argument challenges the legal sufficiency of the evidence to support the order of expunction; DPS's "insufficient evidence" argument challenges the factual sufficiency of the evidence. *See* W. Wendell Hall, *Standards of Review*, 29 ST. MARY'S LAW J. 351, 487 (1998). In reviewing DPS's "no evidence" challenge, we may consider only the evidence and inferences that, when viewed in their most favorable light, tend to support the order of expunction and disregard all contrary evidence and inferences. *See Texas Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 457 (Tex.App.-Houston [1st Dist.] 1994, no writ). When the record discloses a complete absence of evidence of a vital fact, however, we must sustain the "no evidence" point. Id.

### B. Right to Expunction on Dismissal of Charges

Article 55.01 of the Code of Criminal Procedure controls the right of "a person who has been arrested for commis-

sion of either a felony or misdemeanor" to have "all records and files relating to the arrest expunged." TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon Supp.2002). The purpose of article 55.01 is to allow wrongfully arrested persons a fresh start. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *Ex parte E.E.H.*, 869 S.W.2d 496, 498 (Tex. App.-Houston [1st Dist.] 1993, writ denied). Article 55.01 requires strict compliance with conditions imposed by the statute; courts have no equitable power to expunge criminal records. *Katopodis,* 886 S.W.2d at 458; *Harris County Dist. Attorney v. Lacafta,* 965 S.W.2d 568, 569 (Tex. App.-Houston [14th Dist.] 1997, no pet.).

To be entitled to expunction when criminal charges are dismissed, the party seeking expunction must show that each of the following conditions exists:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 of this code; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)-(C) (Vernon Supp.2002).

As in the trial court, DPS contends Woods did not meet his burden to show that his indictment was presented "because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense." *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A). We agree. Woods offered no evidence that the indictment against him was dismissed "because of mistake, false information, or other similar reason indicating absence of probable cause" to believe Woods misapplied trust funds, as article 55.01(a)(2)(A) requires.

## C. Effect of Prosecutor's Agreement

■ Woods counters that, in seeking expunction, he relied in part on a letter an assistant district attorney to Woods's counsel in the underlying case, which stated, in part:

> Pursuant to our negotiations on April 8, 1999, if your clients pay West End Lumber $25,000 by April 19, 1999, and draft a note making themselves personally liable, the State will dismiss the pending charges of Misapplication of Trust Funds. *Furthermore, if you file a Motion for Expunction, the State will not oppose it.*

(Emphasis added.) The second document Woods relied on was the State's motion to dismiss and accompanying signed order granting dismissal of the charges of misapplication of trust funds, in which the same assistant district attorney stated in part: "Victim and defendant have agreed on a note with a substantial down payment. Victim request [sic] dismissal see attached documents."

Neither document suggests "mistake, false information, or other similar reason

indicating lack of probable cause" in indicting Woods. But Woods contends sufficiency of the evidence under article 55.01(a)(2)(A) is rendered "irrelevant" because these documents establish that (1) the prosecutor expressly agreed not to oppose expunction once the conditions precedent she imposed were met and (2) those conditions were met. Woods further contends DPS is bound by the prosecutor's agreement because she extended it on behalf of "the State."

*Katopodis* rejected a similar claim that a prosecutor's agreement not to oppose expunction was binding on DPS. 886 S.W.2d at 458. Woods distinguishes *Katopodis* as involving only the district attorney's own promise not to oppose expunction and contends the holding does not control here because the prosecutor agreed, on behalf of "the State," not to oppose expunction.

■ As we recognized in *Katopodis*, the expunction statute requires notice to all affected law enforcement agencies and authorizes each to represent itself and appeal the trial court's decision. *Id.; see* TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(b)(8) (Vernon Supp.2002) (requiring petitioner to identify all agencies, facilities, officials, or entities, and all central depositories of criminal records that petitioner has reason to believe have records or files subject to expunction); TEX.CODE CRIM. PROC. ANN. art. 55.02 §2(c) (Vernon Supp.2002) (requiring the trial court to provide reasonable notice of expunction hearing to each official, agency or other entity petitioner identifies, by certified mail, return receipt requested); TEX.CODE CRIM. PROC. ANN. art. 55.02 § 2(3)(a) (Vernon Supp.2002) (authorizing any petitioner or agency protesting expunction to appeal decision of trial court).

■ The requirements and rights enumerated in article 55.02 are a legislative determination that, in expunction proceedings, the district attorney and other law enforcement agencies are separate entities and not agents of the same entity, the State. *See Ex parte Harrison*, 52 S.W.3d 901, 902 (Tex.App.-Eastland 2001, no pet.); *Katopodis*, 886 S.W.2d at 458. This legislative determination is inconsistent with the prosecutor's ability to bind "the State," and thus DPS, as an agency of the State, to the prosecutor's agreement not to oppose expunction.

In questioning this reasoning, Woods relies on *Ex parte Elliot*, in which the supreme court noted that, "Texas law governing expunction of criminal records creates a unique situation in which all persons and agencies party to an expunction share not only interwoven but identical interests." 815 S.W.2d 251, 252 (Tex. 1991); *see also Texas Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 320 (Tex. App.-Corpus Christi 1997, no writ) (citing same language from *Elliott* in support of holding that, because prosecutor who opposed expunction is the "primary representative of the State" and therefore also represented interests of DPS when DPS did not appear at expunction hearing, DPS could thereafter request findings of fact and conclusions of law and pursue independent appeal of order of expunction); *but see Ex parte Stiles*, 958 S.W.2d 414, 417 (Tex.App.-Waco 1997, pet. denied) (rejecting contention that DPS had "participated in the trial," through representation by district attorney who opposed expunction, and could not challenge expunction by writ of error for that reason).

That the prosecutor may represent DPS when DPS does ***not*** appear does not mandate that the prosecutor's promise not to oppose expunction is binding on DPS when, as here, DPS exercises its distinct statutory authority ***to appear and oppose*** expunction. Despite holding that the doctrine of virtual representation precluded DPS from challenging lack of verification

of expunction petition as "error on the face of the record" for writ-of-error appeal, when DPS did not participate in the trial, the *Stiles* court recognized, in dicta, that the doctrine would not preclude the DPS from challenging the sufficiency of the evidence to support expunction. 958 S.W.2d at 420.

■ Despite the uniformity of interests shared by each person and agency possessing criminal records, *Ex parte Elliot,* 815 S.W.2d at 252, the legislature has authorized each agency possessing criminal records to appear separately to challenge expunction and to appeal expunction orders. We therefore conclude, as in *Katopodis,* that the prosecutor's agreement was not binding on DPS. We therefore reject Woods's contention that the prosecutor's agreement not to oppose expunction rendered DPS's challenge to the sufficiency of the evidence irrelevant.

Having concluded that Woods did not meet his burden under article 55.01(a)(2)(A) to show his indictment was presented "because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense," and that there is therefore no evidence to support the trial court's order of expunction, we sustain DPS's legal sufficiency challenge. Having sustained the legal sufficiency challenge, we need not address DPS's challenge to the factual sufficiency of the evidence to support the trial court's decision.

We sustain DPS's second issue.

### Conditional Request for Remand for Findings of Fact and Conclusions of Law

■ In issue one, DPS has conditionally requested a remand for findings of fact and conclusions of law, to the extent we conclude DPS was harmed by the trial court's failure to file them. Harm to the complaining party is presumed when the trial court fails to comply with a proper and timely request for findings of fact and conclusions of law, unless the record affirmatively shows no injury to the appealing party from the trial court's failure to comply. *Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex.1996); *Heafner & Assoc. v. Koecher,* 851 S.W.2d 309, 312 (Tex.App.-Houston [1st Dist.] 1992, no writ). Because we have sustained DPS's second issue on legal sufficiency grounds, the record affirmatively reflects no harm to DPS from the trial court's failure to file findings of fact and conclusions of law. *See General Elec. Co. v. Brown & Ross Int'l Distrib., Inc.,* 804 S.W.2d 527, 534 (Tex.App.-Houston [1st Dist.] 1990, writ denied). Accordingly, we overrule DPS's conditional issue one as moot.

### Conclusion

We reverse the order of expunction and, in accordance with *Ex Parte Elliot,* 815 S.W.2d at 252, we render judgment in favor of DPS and all respondents in the trial court.