**SPECIALIZED WASTE SYSTEMS, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–01179–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 2003.

Scot R. Courtney, Scardino & Courtney, J., for appellant.

Brian M. Rose, Asst. Dist. Atty., Michael A. Stafford, Harris County Atty., Arthur L. Crumpton, Jr., Senior Asst. City Atty., Michael R. Hull, Asst. County Atty., Houston, for appellee.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

**OPINION**

ELSA ALCALA, Justice.

Appellant, Specialized Waste Systems, Inc. (SWS), challenges the trial court's order denying its petition for expunction of criminal records. In a single point of error, SWS contends that the trial court erred in holding that a corporation may not petition for expunction and in denying its petition. We affirm.

**Background**

SWS is a Delaware corporation authorized to do business in Texas. In June 1997, SWS was charged with the misdemeanor offense of water pollution. This charge was dismissed in September 1999. SWS subsequently petitioned the trial court to expunge all criminal records re-

sulting from the charge. The trial court conducted a hearing in which it found that the charge against SWS was no longer pending and did not result in either a final conviction or court-ordered community supervision. The trial court concluded, however, that a corporation may not petition for expunction of its criminal records. The trial court then denied SWS's petition.

## Expunction Under Article 55.01

Article 55.01 of the Code of Criminal Procedure governs the right of "a person who has been arrested for commission of either a felony or a misdemeanor" to have "all records and files relating to the arrest expunged." TEX.CODE CRIM. PRO. ANN. art. 55.01(a) (Vernon Supp.2003). The purpose of article 55.01 is to allow a wrongfully arrested person a fresh start. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *Texas Dep't of Pub. Safety v. Woods*, 68 S.W.3d 179, 182 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Article 55.01 requires strict compliance with conditions imposed by the statute, and courts have no equitable power to expunge criminal records. *Woods*, 68 S.W.3d at 182.

In denying SWS's petition, the trial court relied on *State v. Autumn Hills Ctrs., Inc.*, 705 S.W.2d 181, 183 (Tex.App.-Houston [14th Dist.] 1985, no pet.). The *Autumn Hills* court reasoned:

> Given the legal meaning and use of the word arrest, [article] 55.01 is referring to a "natural" person. While a corporation is considered a person in certain situations, it is not a person under 55.01. A corporation can neither be physically restrained nor taken into custody. Article 17A.03 of the Texas Code of Criminal Procedure delineates the procedure whereby a corporation can be brought into court to answer criminal charges. Nowhere in 17A is an arrest given as a means of bringing a corporation into court. In fact, 17A.03(b) says that no individual may be arrested upon a complaint, indictment, information, judgment, or sentence against a corporation or association. Since a corporation cannot be arrested, it is not entitled to the benefits of the expunction statute.

*Id.; see Harris County Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 570 (Tex.App.-Houston [14th Dist.] 1997, no pet.).

Article 55.01 allows expunction of records and files relating to an arrest. *See J.T.S.*, 807 S.W.2d at 573. As such, an arrest is a threshold requirement under the expunction statute. *Lacafta*, 965 S.W.2d at 570. We agree with the *Autumn Hills* court that corporations are not entitled to the expunction benefits provided in article 55.01 because they cannot be arrested.

SWS correctly asserts that article 17A.01 of the Code of Criminal Procedure defines "person" to include a corporation or association. TEX.CODE CRIM. PROC. ANN. art. 17A.01(b)(4) (Vernon Supp.2003). This definition, however, applies "unless the context requires a different definition." TEX.CODE CRIM. PROC. ANN. art. 17A.01(b). Article 55.01 requires a different definition because it limits expunction to those persons wrongfully *arrested*. Because corporations cannot be arrested, and because the Legislature has not provided a mechanism for corporations to petition for expunction of criminal records, we hold that the trial court did not err in denying SWS's petition for expunction.

We overrule appellant's point of error.

## Conclusion

We affirm the judgment of the trial court.