In the Matter of the EXPUNCTION OF Hermelinda RAMIREZ a/k/a Maria Hermelinda Viera.

No. 08-02-00457-CV.

Court of Appeals of Texas, El Paso.

Aug. 20, 2004.

Jose R. Rodriguez, County Attorney, El Paso, for Appellant.

Arthur A. Abraham, El Paso, for Appellee.

Before Panel No. 3, BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from an expunction order granted in favor of Hermelinda Ramirez a/k/a Maria Hermelinda Viera (Ramirez). The El Paso County Attorney's Office, El Paso County Sheriff's Department, El Paso County Clerk's Office, El Paso County Detention Facility, El Paso District Attorney's Office, Consolidated Data Processing, Records Management and Archives, Director of West Texas Community Supervision and Corrections Department, the Jail Magistrate and El Paso District Clerk's Office, Appellants, challenge the legal sufficiency of the evidence to prove Ramirez's eligibility for and entitlement to expunction. We reverse and render judgment denying the petition for expunction.

## I. FACTUAL SUMMARY

On April 26, 2002, Ramirez filed a petition to expunge all records and files arising out of her arrest in El Paso, Texas, on April 18, 1990 for misdemeanor assault. According to Ramirez's petition and the evidence adduced at the hearing on the petition, the assault charge was dismissed by the El Paso County Court at Law No. 1 after she satisfactorily completed six months on deferred adjudication probation. Appellants argued at the hearing that Ramirez was not entitled to expunction of her criminal records because she had been placed on deferred adjudication probation under Article 42.12 of the Code of Criminal Procedure. The trial court took the matter under advisement and issued the expunction order several weeks later.

## II. DISCUSSION

In two issues on appeal, Appellants challenge the legal sufficiency of the evidence supporting the order of expunction. They argue that Ramirez failed to establish by legally sufficient evidence that she had not received court-ordered probation under Article 42.12 of the Texas Code of Criminal Procedure or that she had not been convicted of a felony in the five years preceding the date of arrest.

## A. Standard of Review

In a bench trial, a legal sufficiency challenge to the trial court's findings of fact is reviewable under the same standard that is applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994); *Elias v. Mr. Yamaha, Inc.,* 33 S.W.3d 54, 62 (Tex.App.-El Paso 2000, no pet.). In reviewing the legal sufficiency of the evidence, we consider only the evidence and inferences that, when viewed in their most favorable light, tend to support the order of expunction, and we disregard all evidence and inferences to the contrary. *Houston Police Department v. Berkowitz,* 95 S.W.3d 457, 460 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Texas Department of Public Safety v. Woods,* 68 S.W.3d 179, 181 (Tex.App.-Houston [1st Dist.] 2002, no pet.). If more than a scintilla of evidence exists to support the questioned finding, the "no evidence" point fails. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *El Paso County Hosp. Dist. v. Gilbert,* 64 S.W.3d 200, 203 (Tex.App.-El Paso 2001, pet. denied). When the record discloses a complete absence of a vital fact, however, we must sustain the no evidence point. *Berkowitz,* 95 S.W.3d at 460; *Woods,* 68 S.W.3d at 181.

## B. Article 55.01 Requirements

The right to expunction is a statutory privilege. *Texas Department of Public Safety v. Wallace,* 63 S.W.3d 805, 806 (Tex.App.-Austin 2001, no pet.); *State v. Knight,* 813 S.W.2d 210, 212 (Tex.App.-Houston [14th Dist.] 1991, no writ). Under Article 55.01 of the Code of Criminal Procedure, a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the person meets certain statutory requirements. Tex.Code Crim. Proc. Ann. art. 55.01(a) (Vernon Supp.2004–05). In a statutory cause of action, all provisions are mandatory and exclusive, and a person is entitled to expunction only when all of the conditions have been met. *Wallace,* 63 S.W.3d at 806; *Harris County District Attorney's Office v. Burns,* 825 S.W.2d 198, 200 (Tex.App.-Houston [14th Dist.] 1992, writ denied). A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests with the petitioner. *Berkowitz,* 95 S.W.3d at 460; *Texas Department of Public Safety v. Katopodis,* 886 S.W.2d 455, 457 (Tex. App.-Houston [1st Dist.] 1994, no writ). Merely completing the terms of deferred adjudication and obtaining a dismissal does not entitle a petitioner to expunction of criminal records. *Harris County District Attorney's Office v. D.W.B.,* 860 S.W.2d 719, 721 (Tex.App.-Houston [1st Dist.] 1993, no writ); *State v. Gamble,* 692 S.W.2d 200, 202 (Tex.App.-Fort Worth 1985, no pet.).

To be entitled to expunction when criminal charges are dismissed, the party seeking expunction must show that each of the following conditions exists:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed

because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void; (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor;* and (C) *the person has not been convicted of a felony in the five years preceding the date of the arrest.*

Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)-(C) (Vernon Supp.2004–05) (emphasis added).

■ Appellants first allege that Ramirez failed to show that she is qualified for expunction by proving that she was not assessed court-ordered community supervision under Article 42.12 in connection with the misdemeanor assault charge. We agree. The trial court and Ramirez's attorney focused on the language in the statute requiring Ramirez to show that the charge did not result in a conviction but they ignored the additional requirement that Ramirez prove she was not granted court-ordered community supervision under Article 42.12. Ramirez offered evidence showing that she was placed on deferred adjudication community supervision. This plainly constitutes "court ordered community supervision under Article 42.12" for purposes of Article 55.01 and it has the effect of rendering Appellant ineligible for expunction of her arrest records. *See Harris County District Attorney's Office v. J.T.S.,* 807 S.W.2d 572,. 574 (Tex.1991); *Berkowitz,* 95 S.W.3d at 461–62; *Wallace,* 63 S.W.3d at 807; *Texas Department of Public Safety v. Butler,* 941 S.W.2d 318, 321 (Tex.App.-Corpus Christi

1997, no writ); *D.W.B.,* 860 S.W.2d at 721; *Ex parte P.D.H.,* 823 S.W.2d 791, 792–93 (Tex.App.-Houston [14th Dist.] 1992, no writ); *Knight,* 813 S.W.2d at 212. As a matter of law, Ramirez was not entitled to expunction under Article 55.01. Issue One is sustained.

■ Ramirez also failed to offer any evidence that she had not been convicted of a felony in the five years preceding the assault arrest. Consequently, the evidence is legally insufficient to support the expunction order. *See Texas Department of Public Safety v. S.L.W.,* No. 08–02–00353–CV, 2003 WL 22283172, at *3 (Tex.App.-El Paso October 2, 2003, no pet.) (defendant failed to prove by legally sufficient evidence that she had not been convicted of a felony in the five years preceding the date of her original arrest as required by Article 55.01). Issue Two is sustained. Having sustained both issues, we reverse the trial court's order of expunction and render judgment denying Ramirez's petition for expunction.