NO. 07-07-0053-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 14, 2007


______________________________



CHAD DAVIS, 



 Appellant


v.



TEXAS DEPARTMENT OF PUBLIC SAFETY, 



 Appellee

_________________________________



FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY;



NO. 26,092; HON. JOHN PLACKE, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Chad Davis (Davis) appeals from an order denying his request for the expunction
of a judgment convicting him of failing to identify himself. We affirm the order.

 Davis sought to expunge the judgment because it was purportedly void. That is, he
contended that he was never convicted of the offense; rather, the charge allegedly was
dismissed once the fine was paid. Davis acknowledged the existence of the judgment but
argued that "[n]one of [the] events [mentioned in it] took place." In short, the "judgment
[was] . . . falsified by the state," the "facts in this case [were] not as . . . represented," and,
therefore, the "judgment [was] void because it never happened," he concluded.

 We review the decision to deny expungement under the standard of abused
discretion. Ex parte M.R.R., 223 S.W.3d 499 (Tex. App.-Amarillo 2006), overruled in part
on other grounds by State v. Beam, 226 S.W.3d 392 (Tex. 2007). We further note that
courts lack inherent or equitable power to expunge criminal records; rather, that relief
arises from statute and strict compliance with its conditions or terms is required. Tex. Dep't
of Public Safety v. Woods, 68 S.W.3d 179, 182 (Tex. App.-Houston [1st Dist.] 2002, no
pet.) (requiring strict compliance with the statutory provisions).

 Next, the several situations wherein expungement is permitted in Texas
contemplate a dismissal or acquittal of the charges levied. Tex. Code Crim. Proc. Ann. 
art. 55.01 et seq. (Vernon 2006). That is, the proceeding must have resulted in either an
acquittal or dismissal but not a final conviction. See id. art. 55.01(a)(2)(B) (stating that the
charge must not have resulted in a final conviction). Yet, the record before us contains
neither. Instead, Davis purports to attack, through a civil expungement proceeding,
McCarroll v. Texas Dep't of Public Safety, 86 S.W.3d 376, 378 (Tex. App.-Fort Worth
2002, no pet.) (noting that expungement is civil in nature), the validity of a final judgment
rendered in a criminal case at the close of the last century. (1) Given that the charge here
resulted in a final conviction, even though he believes it to be void, Davis could not satisfy
the conditions of art. 55.01. Thus, he was not entitled to expunge the judgment. 

 Finally, that the trial court convened no oral hearing or trial to entertain Davis'
petition does not mandate reversal. To the extent that statute obligates the trial court to
set the matter for hearing, see Tex. Code Crim. Proc. Ann. art. 55.02 §2(c) (Vernon 2006)
(stating that the trial court shall set the matter for hearing), this does not mean that an
evidentiary hearing whereat all interested parties may personally appear is needed. Ex
parte Current, 877 S.W.2d 833, 839 (Tex. App.-Waco 1994, no writ). Indeed, the court
may act without a hearing if the facts necessary to decide the issue are before it. Ex parte
Baldivia, No. 07-05-0046-CV, 2007 Tex. App. LEXIS 142 at *4 (Tex. App.-Amarillo 
January 10, 2007, no pet.). Appearing of record here is the final judgment of conviction,
the existence of which negated any entitlement Davis had to expunction. So, an
evidentiary hearing whereat all were to personally appear was unnecessary.

 Accordingly, the trial court did not abuse its discretion in denying expunction, and
we overrule Davis' issues and affirm the trial court's order.


 Brian Quinn 

 Chief Justice

 
1. Other avenues exist through which one can belatedly attack a final conviction. They too are found
in the Code of Criminal Procedure.



Name="Light List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00334-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
28, 2010

 



 

THE STATE OF TEXAS, APPELLANT

 

v.

 

MEREDITH JOLENE LOZANO, APPELLEE 



 



 

 FROM THE COUNTY COURT OF YOAKUM
COUNTY;

 

NO. 10624; HONORABLE JIM BARRON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

The
State of Texas, by interlocutory appeal, appeals the granting of a motion to
suppress by the trial court.[1]  Finding that the trial court erred by
granting the motion to suppress, we reverse.

Factual and Procedural Background

            Because
the facts that resulted in the issuance of a search warrant to collect a
specimen of blood from appellee, Meredith Jolene
Lozano (Lozano), are not contested in this appeal, we will refer to only so
much of the background facts as necessary for this opinion.  On May 25, 2008, Denver City, Texas, police
officer, Ryan Taylor, initiated a traffic stop on Lozano.  After initiating the traffic stop, Taylor
began investigating Lozano for driving while intoxicated.  As part of the investigation, Taylor
requested a specimen of Lozanos breath for analysis.  Lozano declined to give a breath
specimen.  Taylor then prepared an
affidavit in support of a search warrant to obtain a specimen of Lozanos
blood.  The affidavit was presented to a
Justice of the Peace, acting as a magistrate, in Yoakum County, Texas.  The magistrate issued the search warrant, and
the blood specimen was collected.

            After
the State filed an information and complaint alleging that Lozano had operated
a motor vehicle while intoxicated, Lozano filed a motion to suppress the
results of the search warrant.  The
motion to suppress alleged two grounds in support of suppression of the blood
test results.  First, the motion alleged
that the officer lacked reasonable suspicion or probable cause to stop
Lozano.  Second, the motion alleged that
there was a discrepancy between the date of birth for Lozano stated in the
affidavit in support of the warrant and the date listed in the actual
warrant.  The trial court conducted a
hearing on Lozanos motion to suppress and, after hearing the evidence, denied
the motion to suppress as to the reasonable suspicion or probable cause to
initiate the traffic stop but granted the motion because of the discrepancy
between the affidavit and warrant as to Lozanos date of birth.  By one issue, the State contends that the
ruling of the trial court was in error and asks this Court to reverse the trial
courts ruling.  We reverse.

 
Standard of Review

            As
a reviewing court, we review the granting or denial of a motion to suppress
under a bifurcated standard of review.  See St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). 
The trial court is the sole trier of fact and
the judge of the credibility of the witnesses and the weight to be given their
testimony.  Id.  Almost total deference is given to the trial
courts determination of historical facts. 
Id.  However, application
of the law to the facts that does not turn on credibility and demeanor are
reviewed de novo.  See Keehn
v. State, 279 S.W.3d 330, 334 (Tex.Crim.App.
2009).

Analysis

            The
trial courts order granting the motion to suppress concluded that there was
reasonable suspicion and probable cause to support the detention of Lozano for
suspicion of driving while intoxicated. 
However, the trial court found that the search warrant was insufficient
because the warrant gave a different date of birth for Lozano than that
reflected in the affidavit.  Based upon
this finding, the trial court suppressed the evidence that was procured by
means of the search warrant.

            With
this factual basis, we are squarely presented with the issue of how we
interpret the information provided in this search warrant.  The State frames the question as being one of
using a commonsensical, rather than hyper-technical, interpretation of the
warrant.  See Serrano v. State,
123 S.W.3d 53, 58 (Tex.App.Austin 2003, pet. refd) (citing Illinois v. Gates, 462 U.S. 213, 236,
76 L.Ed.2d 527, 103 S.Ct. 2317 (1983)).  Appellant, however, contends that the mistake
on the warrant is much more than a technical mistake.  The mistake in question goes directly to the
issue of the identification of appellant and, as such, is part of the
protection provided by the Fourth Amendment to minimize the search of innocent
parties.  See Long v. State,
132 S.W.3d 443, 447 (Tex.Crim.App.
2004).

            The
record reveals that the affidavit in support of the search warrant was attached
to the actual warrant and incorporated by reference in the warrant.  See id. at 448.  This is an important consideration when there
is a discrepancy in a description contained in the two documents.  As stated by the Texas Court of Criminal
Appeals in Green v. State, the affidavit given to secure a search
warrant controls over the search warrant. 
799 S.W.2d 756, 760 (Tex.Crim.App.
1990).  The affidavit in question
contained the correct date of birth for Lozano. 
Only in the warrant was there a mistake on the date of birth.  It is upon the basis of the affidavit that
the magistrate must decide whether there is probable cause for the issuance of
a warrant and against whom the warrant should be issued.  See id.

            Therefore,
when we return to one of the basic principles behind the requirement of a
warrant, minimizing the danger of searching the person of an innocent
bystander, we find that the affidavit correctly describes the person to be
searched.  See Long,
132 S.W.3d at 447 (citing Berger v. New York, 388 U.S.41, 58, 18 L.Ed.2d
1040, 87 S.Ct 1873 (1967)).  Appellant concedes that the affidavit
contains the correct date of birth.  And
both the affidavit and warrant correctly identify appellant as the person whose
blood was to be taken, by name as Meredith Jolene Lozano.  The other identifying information in the
affidavit, including appellants description as a white female and her
approximate height and weight, also was correctly stated in the warrant.  According to both the affidavit and the
warrant, appellant was in custody in the Denver City police department at the
time.  The erroneous date of birth
contained in the warrant is no more or less than a typographical mistake and,
as such, does not vitiate the validity of the warrant.  See Jones v. State, 914 S.W.2d
675, 678 (Tex.App.Amarillo 1996, no pet.); Rios
v. State, 901 S.W.2d 704, 708 (Tex.App.San
Antonio 1995, no pet.).  Accordingly, we
hold that the trial court erred by granting the motion to suppress.  The States issue is sustained.

Conclusion

            Having
determined that the trial court erred by granting the motion to suppress, we
reverse the trial court and remand this case for further proceedings consistent
with this opinion.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 

 

 

            








 











[1] See Tex.
Code Crim. Proc. Ann. art.
44.01(a)(5) (Vernon Supp. 2009).