Opinion issued April 3, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-03-00862-CV






DONALD C. JACKSON, Appellant


V.


TEXAS BOARD OF PARDONS AND PAROLES, HARRIS COUNTY
SHERIFF'S OFFICE, HOUSTON POLICE DEPARTMENT, AND HARRIS
COUNTY DISTRICT CLERK, Appellees






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2002-51048






MEMORANDUM OPINION


 The trial court dismissed appellant Donald C. Jackson's lawsuit to expunge his
record for want of prosecution. (1) In two points of error, Jackson argues that (1) the
trial court abused its discretion in dismissing his suit without setting a hearing on his
petition and (2) the trial court abused its discretion in denying Jackson's motion to
reinstate the lawsuit without conducting a hearing. (2)

 We reverse and remand.

Background

 On August 18, 1994, Jackson was arrested and charged with misdemeanor
assault. In October 1994, the assistant district attorney requested that the trial court
dismiss the charges against Jackson because of a missing witness. The trial court
dismissed the misdemeanor assault charges. Jackson was incarcerated on other
unrelated crimes. On September 30, 2002, Jackson filed an ex parte petition seeking
to expunge the record of his 1994 arrest pursuant to Texas Code of Criminal
Procedure article 55.01. (3) In December 2002, Jackson filed a writ of habeas corpus
ad testificandum, or, in the alternative, a request for a conference call hearing. The
trial court failed to rule on this request.

 In April 2003, the trial court sent to all counsel and pro se parties a notice of
the disposition deadline. This notice informed Jackson that the trial court had
designated May 19, 2003 as the disposition deadline for his case and that the case
would be dismissed for want of prosecution if Jackson did not have it set and heard
by that date. The notice also directed Jackson to contact the court coordinator to
obtain a hearing date or to ask any questions. After receiving this letter, Jackson filed
a motion to set this case for hearing with the trial court, explaining his status as an
incarcerated inmate and asking the trial court to set his case for a hearing. Jackson
also sent a letter to the court coordinator outlining the measures he had taken to
prosecute his case and asking, "[W]hat else can I do?" Jackson sent another letter,
dated May 15, 2003, to the trial court outlining the documents he had already
submitted to the trial court and expressing his belief that he was entitled to a hearing.

 On May 30, 2003, the trial court signed the order of dismissal, which stated in
its entirety, "For failure to comply with the notice dated 04-15-2003/TRCP165A, this
cause is ordered dismissed for want of prosecution. Costs of court are assessed
against the plaintiff(s)." The appellate record shows that the case was never set for
a hearing and that the trial court gave no notice to any of the appellees. On June 20,
2003, Jackson filed a motion to reinstate his case with the trial court. Jackson also
filed a request for findings of fact and conclusions of law. The trial court never ruled
on the motion to reinstate Jackson's case and did not provide any findings of fact or
conclusions of law. Jackson filed a notice of appeal on August 11, 2003.

Analysis

 In two points of error, Jackson argues that the trial court abused its discretion
in dismissing his suit without setting a hearing on his petition and in denying his
motion to reinstate the lawsuit without conducting a hearing.

 Article 55.01 of the Code of Criminal Procedure controls the right of a person
who has been arrested for commission of either a felony or misdemeanor to have "all
records and files relating to the arrest expunged." Tex. Code Crim. Proc. Ann. art.
55.01(a) (Vernon 2006); Tex. Dep't of Pub. Safety v. Woods, 68 S.W.3d 179, 181-82
(Tex. App.--Houston [1st Dist.] 2002, no pet.). The purpose of Article 55.01 is to
allow wrongfully arrested persons a fresh start. Woods, 68 S.W.3d at 182; see also
Carson v. State, 65 S.W.3d 774, 780 (Tex. App.--Fort Worth 2001, no pet.) ("The
object sought to be attained by the enactment of the expunction statute was to give
a fresh start to individuals wrongly charged with an offense. . . . Thus, the expunction
statute is remedial in nature and should be given the most comprehensive construction
possible.") (citing State v. Arellano, 801 S.W.2d 128, 130 (Tex. App.--San Antonio
1990, no writ)).

 Article 55.02 controls the procedure for expunction. Tex. Code Crim. Proc.
Ann. art. 55.02 (Vernon 2006). The person who is entitled to expunction of records
must file a verified petition that includes the required information in a district court
for the county where the petitioner was arrested or in the county where the offense
was alleged to have occurred. Id. art. 55.02 § 2(a), (b). Article 55.02 further
provides, "The court shall set a hearing on the matter no sooner than thirty days from
the filing of the petition and shall give to each official or agency or other entity
named in the petition reasonable notice of the hearing. . . ." Id. art. 55.02 § 2(c). An
expunction hearing is a civil proceeding. Tex. Dep't of Pub. Safety v. Katopodis, 886
S.W.2d 455, 458 (Tex. App.--Houston [1st Dist.] 1994, no writ).

 We review a trial court's order dismissing a case for want of prosecution for
abuse of discretion. Wright v. Tex. Dep't of Criminal Justice-Inst. Div., 137 S.W.3d
693, 696 (Tex. App.--Houston [1st Dist.] 2004, no pet.). A trial court may dismiss
for want of prosecution either under its inherent power or under rule 165a of the
Texas Rules of Civil Procedure. Villarreal v. San Antonio Truck & Equip., 994
S.W.2d 628, 630 (Tex. 1999); see Tex. R. Civ. P. 165a. A party is entitled to notice
and an opportunity to be heard before a court may dismiss a case for want of
prosecution. Villarreal, 994 S.W.2d at 630.

 Here, Jackson filed his petition in the trial court on September 30, 2002. The
trial court never set the matter for a hearing and never gave the officials or agencies
named in the petition notice of the hearing as required by Article 55.02, section 2(c)
of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art.
55.02 § 2(c). Jackson made repeated attempts to contact the trial court regarding the
setting of a hearing for his expunction petition, and the trial court failed to respond. 
See In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003) ("It is well-established that
litigants cannot be denied access to the courts simply because they are inmates.")
(citing Hudson v. Palmer, 468 U.S. 517, 523, 104 S. Ct. 3194, 3198 (1984)). The
trial court did not follow the express provisions of the expunction statute, which
required it to set the matter for a hearing. See Tex. Code Crim. Proc. Ann. art.
55.02 § 2(c). Furthermore, the trial court did not respond to Jackson's repeated
attempts to contact it following his receipt of the notice of disposition deadline sent
in April 2003, thereby denying Jackson his right to be heard before the matter was
dismissed for want of prosecution. See Villarreal, 994 S.W.2d at 630. Therefore, the
trial court abused its discretion in dismissing Jackson's suit without setting a hearing
on his petition. See Wright, 137 S.W.3d at 696.

 We sustain Jackson's first point of error.

 We remand this cause to the trial court for further proceedings consistent with
this opinion. Therefore, we do not address Jackson's second point of error regarding
the trial court's denial of his motion to reinstate the cause. See Tex. R. App. P. 47.1.

Conclusion

 We reverse the order of the trial court dismissing Jackson's suit for want of
prosecution and remand the cause to the trial court for further proceedings consistent
with this opinion.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.
1. There are two additional cause numbers related to this cause of action that are still
pending in this Court. Jackson filed a second petition for expunction in the trial court
in 2006, and trial court also dismissed that case for want of prosecution on November
30, 2006, which resulted in cause number 01-07-00163-CV. Jackson also filed an
affidavit of indigency with his second appeal, which the district clerk challenged. The
trial court sustained the challenge, and Jackson filed another notice of appeal
challenging the court's order, resulting in cause number 01-07-00280-CV. We have
not received any records or briefs in either of these two cause numbers.
2. None of the appellees have submitted a brief because they were never served with
notice of the cause below by the trial court. See Tex. Code Crim. Proc. Ann. art. 55
§ 2(c) (Vernon 2005) (requiring the trial court to give each official or agency or other
governmental entity named in the petition reasonable notice of the hearing). The
Texas Rules of Appellate Procedure do not require that appellees file a brief, but the
rules do provide, "In a civil case, the court will accept as true the facts stated [in
appellant's brief] unless another party contradicts them." Tex. R. App. P. 38.1(f). 
After giving appellees notice, we set this cause for submission without their briefs.
3. See Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon 2006).