NO. 07-09-0257-CV

 

IN THE COURT OF
APPEALS

FOR THE SEVENTH
DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 19, 2010

__________________________________

TEXAS DEPARTMENT OF
PUBLIC SAFETY,

Appellant

v.

BODIE BRATCHER,

Appellee

____________________________________

FROM THE 106TH
DISTRICT COURT OF LYNN COUNTY

NO. 09-04-06644; HON.
CARTER T. SCHILDKNECHT, PRESIDING

_____________________________________

Opinion

______________________________________

Before QUINN, C.J., and CAMPBELL  and HANCOCK,
JJ.

            The Texas Department of
Public Safety (the Department) appeals from an order of expunction granted in
favor of Bodie Bratcher (Bratcher).  It contends that there is no evidence to
support it because Bratcher admitted to having served “probation.”  We reverse.

            One seeking expunction
has the burden to prove he satisfied the statutory prerequisites.  Tex.
Dep’t of Public Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex. App.– Houston [14th Dist.] 2008, no pet.).  One of those prerequisites relates to
community supervision.  In particular,
expunction cannot be awarded to someone who was granted community supervision
under article 42.12 of the Code of Criminal Procedure for any offense other than
a Class C misdemeanor.  See Tex.
Code Crim. Proc. Ann. art.
55.01(a)(2)(B) (Vernon Supp. 2009).   According to the Department, Bratcher himself
established that he was not entitled to expunction since he “admitted that he
entered a plea of guilty and served probation on the Deadly Conduct
charge.”  

            No one disputes the
evidence of record.  Bratcher was the
only witness to testify at the expunction hearing.  While testifying, he was asked whether he
pled guilty to “deadly conduct” and whether that conviction was final.  To those questions, he answered in the
affirmative.  His attorney also asked
whether he had “completed [his] probation without a problem.”  His response was “Yes, ma’am.”  Bratcher also explained that it was his
“understanding that once [he] completed [his] probation [he] would have the
ability to have this matter expunged.”  

            That deadly conduct is
an offense greater than a class C misdemeanor is beyond dispute.  See Tex. Penal Code Ann. §22.05(e) (Vernon  2003) (classifying
deadly conduct as either a class A misdemeanor or a third degree felony).  Similarly indisputable is that the words
“probation” and “community supervision” have been used interchangeably.  This may be why no one before us suggests
that Bratcher’s allusion to “probation” meant something other than community
supervision.  We further recognize that
art. 42.12 of the Texas Code of Criminal Procedure regulates whether probation
or community supervision may be granted in particular cases.  So, to the extent that Bratcher admitted to
completing his probation, one must necessarily infer that he was awarded probation
or community supervision per the terms of art. 42.12.  Given this, the requirement of §55.01(a)(2)(B)
of the Code of Criminal Procedure was not met, and the trial court could not
have ordered the record of his offense to be expunged.

            Question has arisen,
however, regarding whether the Department waived its right to complain.  This argument is founded on the proposition
that the county attorney was “standing in” for the Department at the hearing
and she informed the trial court that she did not oppose expunction.  The record discloses that the county attorney
so represented to the court.  However, it
further discloses that the same attorney was appearing in two distinct capacities.  One involved her “standing in” for the
Department.  The other concerned her acting
as the prosecuting attorney that secured Bratcher’s earlier conviction.  So too does the record illustrate that she
informed the trial court that “[t]he department’s position at this point is
just that there’s been a failure to state any cause for which Mr. Bratcher
would be entitled to an expunction under Chapter 55 of the expunction
statutes.”  That representation falls
short of suggesting, much less establishing, that the Department agreed to or
did not oppose the expunction.  Simply
put, saying that he was not entitled to expunction is not the same as saying
that expunction was unopposed.  

            Next, the dual role that
the county attorney played did not go unnoticed by the trial court.  See Tex.
Dep’t of Public Safety v. Woods, 68 S.W.3d 179, 182-84 (Tex. App. –Houston
[1st Dist.] 2002, no pet.) (explaining that
various state entities are entitled to notice of the proceeding and that while
the prosecutor may represent the Department when it does not appear, the
prosecutor’s promise not to oppose expunction is not binding on the Department
when it does appear and oppose expunction). 
That may well be why the trial judged noted “. . . based on the fact
that the Lynn County Attorney is sitting in for the Department  . . . and presenting for them, but that on – in her capacity as the Lynn
County Attorney, she has stated that she did not oppose this . . . .”  (Emphasis added).  This observation acknowledges not only the
county attorney was representing multiple parties but also that she opted, in
her capacity as the Lynn County Attorney (not as the Department’s attorney) to
forego opposing Bratcher’s request. 

            In other words, the
county attorney took the often treacherous path of representing two opposing
interests.  Yet, she made clear that one
of those interests opposed expunction while the other did not.  Given that the interest that opposed the
matter was the Department, her representations in her capacity as Lynn County
Attorney did not bind the Department.[1]  

            We
sustain appellant’s issues, reverse the order of expunction, and render
judgment overruling or denying Bratcher’s petition for expunction.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

                                                                                                

                                                                        

                                                                        

             

            











[1]To
avoid this problem, the Department should have appeared at the hearing.