NO. 07-09-0257-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 19, 2010

_____

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Appellant

v.

BODIE BRATCHER,

Appellee

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY

NO. 09-04-06644; HON. CARTER T. SCHILDKNECHT, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL  and HANCOCK, JJ.

The Texas Department of Public Safety (the Department) appeals from an order of expunction granted in favor of Bodie Bratcher (Bratcher).  It contends that there is no evidence to support it because Bratcher admitted to having served "probation."  We reverse.

One seeking expunction has the burden to prove he satisfied the statutory prerequisites.  *Tex. Dep't of Public Safety v. J.H.J.,* 274 S.W.3d 803, 806 (Tex. App.–

Houston [14th Dist.] 2008, no pet.). One of those prerequisites relates to community supervision. In particular, expunction cannot be awarded to someone who was granted community supervision under article 42.12 of the Code of Criminal Procedure for any offense other than a Class C misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B) (Vernon Supp. 2009). According to the Department, Bratcher himself established that he was not entitled to expunction since he "admitted that he entered a plea of guilty and served probation on the Deadly Conduct charge."

No one disputes the evidence of record. Bratcher was the only witness to testify at the expunction hearing. While testifying, he was asked whether he pled guilty to "deadly conduct" and whether that conviction was final. To those questions, he answered in the affirmative. His attorney also asked whether he had "completed [his] probation without a problem." His response was "Yes, ma'am." Bratcher also explained that it was his "understanding that once [he] completed [his] probation [he] would have the ability to have this matter expunged."

That deadly conduct is an offense greater than a class C misdemeanor is beyond dispute. *See* TEX. PENAL CODE ANN. §22.05(e) (Vernon 2003) (classifying deadly conduct as either a class A misdemeanor or a third degree felony). Similarly indisputable is that the words "probation" and "community supervision" have been used interchangeably. This may be why no one before us suggests that Bratcher's allusion to "probation" meant something other than community supervision. We further recognize that art. 42.12 of the Texas Code of Criminal Procedure regulates whether probation or community supervision may be granted in particular cases. So, to the extent that Bratcher admitted to completing his probation, one must necessarily infer that he was

2

awarded probation or community supervision per the terms of art. 42.12. Given this, the requirement of §55.01(a)(2)(B) of the Code of Criminal Procedure was not met, and the trial court could not have ordered the record of his offense to be expunged.

Question has arisen, however, regarding whether the Department waived its right to complain. This argument is founded on the proposition that the county attorney was "standing in" for the Department at the hearing and she informed the trial court that she did not oppose expunction. The record discloses that the county attorney so represented to the court. However, it further discloses that the same attorney was appearing in two distinct capacities. One involved her "standing in" for the Department. The other concerned her acting as the prosecuting attorney that secured Bratcher's earlier conviction. So too does the record illustrate that she informed the trial court that "[t]he department's position at this point is just that there's been a failure to state any cause for which Mr. Bratcher would be entitled to an expunction under Chapter 55 of the expunction statutes." That representation falls short of suggesting, much less establishing, that the Department agreed to or did not oppose the expunction. Simply put, saying that he was not entitled to expunction is not the same as saying that expunction was unopposed.

Next, the dual role that the county attorney played did not go unnoticed by the trial court. *See Tex. Dep't of Public Safety v. Woods*, 68 S.W.3d 179, 182-84 (Tex. App. –Houston [1st Dist.] 2002, no pet.) (explaining that various state entities are entitled to notice of the proceeding and that while the prosecutor may represent the Department when it does not appear, the prosecutor's promise not to oppose expunction is not binding on the Department when it does appear and oppose expunction). That may

3

well be why the trial judged noted ". . . based on the fact that the Lynn County Attorney is sitting in for the Department  . . . and presenting for them, *but that on – in her capacity as the Lynn County Attorney, she has stated that she did not oppose this* . . . ." (Emphasis added).  This observation acknowledges not only the county attorney was representing multiple parties but also that she opted, in her capacity as the Lynn County Attorney (not as the Department's attorney) to forego opposing Bratcher's request.

In other words, the county attorney took the often treacherous path of representing two opposing interests.  Yet, she made clear that one of those interests opposed expunction while the other did not.  Given that the interest that opposed the matter was the Department, her representations in her capacity as Lynn County Attorney did not bind the Department.[1]

We sustain appellant's issues, reverse the order of expunction, and render judgment overruling or denying Bratcher's petition for expunction.


Brian Quinn
Chief Justice

---

[1]To avoid this problem, the Department should have appeared at the hearing.