327 S.W.3d 306 (2010)
In the Matter of the Expunction of M.R.
No. 08-09-00058-CV.
Court of Appeals of Texas, El Paso.
September 29, 2010.
*307 Janet I. Monteros, Assistant County Attorney, El Paso, TX, for Appellants.
M.R., Norfolk, VA, pro se.
Before CHEW, C.J., McCLURE, and RIVERA, JJ.

OPINION
DAVID WELLINGTON CHEW, Chief Justice.
El Paso County Sheriff's Department, El Paso County Attorney's Office, El Paso County Clerk's Office, et al. ("El Paso County" or "the County") appeal a grant of expunction for M.R.'s offense of abandonment/endangerment of a child. On appeal, the County argues the trial court erred because the limitations period for the charged offense had not expired, and because M.R. failed to provide any evidence that the indictment was dismissed because presentment had been made due to mistake, false information, or another reason indicating absence of probable cause. We reverse and render.
On May 2, 2007, M.R. was indicted for the felony offense of abandoning or endangering a child younger than fifteen years of age. The indictment alleged that M.R. "intentionally, knowingly, recklessly, or with criminal negligence, by act, [engaged] in conduct that placed ... a child younger than 15 years of age, in imminent danger of bodily injury, by leaving [the child] in a baby carrier behind a vehicle in a parking lot...." The alleged offense occurred on October 29, 2006. On October 25, 2007, the State filed a motion to dismiss this offense because M.R. had completed a parenting class. On September 12, 2008, M.R. filed her petition for expungement for the charged offense. On December 8, 2008, M.R. filed her amended petition for expungement. Appellants filed their answer denying the allegations in M.R.'s petition and demanded strict proof of those allegations. On October 21, 2008, the Texas Department of Public Safety filed its answer in opposition to M.R.'s petition. After a hearing on the case, the trial court entered an order on January 28, 2009 to expunge M.R.'s criminal records.
El Paso County argues the January 28 order constitutes an abuse of discretion, and asks this Court to reverse the trial court's judgment and render a decision denying M.R.'s petition for expungement.[1] In Issue One, the County challenges the court's ruling on the basis that the limitations period for the charged offense had *308 not expired. In Issue Two, the County argues the trial court erred in granting M.R.'s petition for expungement because M.R. failed to provide any evidence that "the indictment or information was dismissed or quashed ... because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void." TEX.CODE CRIM.PROC. ANN. art. 55.01(a)(2)(A)(ii)(Vernon Supp. 2010). The County contends M.R. failed to provide any testimony at the expunction hearing regarding the nature of her indictment, and that the only supporting evidence she offered was the State's motion to dismiss her offense.
We review a trial court's order granting an expunction under an abuse-of-discretion standard. See In re Expunction of Jones, 311 S.W.3d 502, 505 (Tex. App.-El Paso 2009, no pet.); Tex. Dep't of Pub. Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex.App.-Houston [14th Dist.] 2008, no pet.); Bargas v. State, 164 S.W.3d 763, 770 (Tex.App.-Corpus Christi 2005, no pet.); Ex parte Jackson, 132 S.W.3d 713, 715 (Tex.App.-Dallas 2004, no pet.); Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex.App.-Austin 2002, pet. denied); Ex parte Guajardo, 70 S.W.3d 202, 204 (Tex.App.-San Antonio 2001, no pet.). Pursuant to Article 55.01 of the Texas Code of Criminal Procedure, "[a] person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged" if the person meets certain statutory requirements. TEX.CODE CRIM.PROC.ANN. art. 55.01(a). Those statutory requirements include that:
(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:
(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or
(ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and
(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.
TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A),(B), & (C).
Each provision of Article 55.01(a)(2) is "mandatory and exclusive, and a person is entitled to expunction only when all of the conditions have been met." Tex. Dep't of Pub. Safety v. Wallace, 63 S.W.3d 805, 806 (Tex.App.-Austin 2001, no pet.), citing Harris County Dist. Atty's Office v. Burns, 825 S.W.2d 198, 202 (Tex. App.-Houston [14th Dist.] 1992, writ denied); *309 In re E.R.W., 281 S.W.3d 572, 573 (Tex.App.-El Paso 2008, pet. denied). Moreover, because an expunction proceeding is civil rather than criminal, the petitioner bears the burden of proving compliance with the statute. In re E.R.W., 281 S.W.3d at 573; Collin County Criminal Dist. Attorney's Office v. Dobson, 167 S.W.3d 625, 626 (Tex.App.-Dallas 2005, no pet.); Tex. Dep't of Pub. Safety v. Katopodis, 886 S.W.2d 455, 457 (Tex.App.-Houston [1st Dist.] 1994, no writ). Accordingly, courts have no inherent or equitable power to expunge criminal records. Tex. Dep't of Pub. Safety v. Woods, 68 S.W.3d 179, 182 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Rather, they must strictly comply with the statutory requirements for expunction. In re Expunction of Jones, 311 S.W.3d at 505; State v. Echeverry, 267 S.W.3d 423, 425 (Tex.App.-Corpus Christi 2008, pet. denied); Dobson, 167 S.W.3d at 626.
Here, M.R. sought expunction based on lack of probable cause, apparently invoking subsection (ii), that is, that the indictment or information was dismissed or quashed because the presentment had been made due to mistake, false information, or other similar reason indicating a lack of probable cause. See TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(ii). At the expunction hearing, M.R.'s counsel merely testified that she believed, at the time she left her daughter in a stroller by a vehicle, "that the vehicle was going to stay there," that she did not "[abandon] the child with the intent of not returning," and that the "vehicle was going to remain there protecting her child from any vehicles that may or may not have been backing out." However, the record does not reflect that M.R. presented any evidence to satisfy the requirement that the presentment of indictment was based on mistake, false information, or other reason indicating lack of probable cause. See TEX. CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(ii). Therefore, the trial court could not have granted the expunction based on subsection (ii).
Because M.R. is not entitled to an expunction pursuant to subsection (ii), she was required under subsection (i) to show that the statute of limitations had expired before the date of the petition for expunction. It is clear from the record that the original petition for expunction was filed prematurely. See State v. Beam, 226 S.W.3d 392, 395 (Tex.2007). The alleged offense occurred on October 29, 2006; M.R. was required to wait until the five-year statute of limitations expired. See TEX.CODE CRIM.PROC.ANN. art. 12.01(4)(D)(Vernon Supp.2010). That would have been on or about April 23, 2012, which takes into account the one-hundred and seventy-seven day tolling period between indictment and dismissal. See TEX.CODE CRIM.PROC.ANN. art. 12.05(b)(Vernon 2005). The limitations period for the underlying offense had not expired either at the time the petition was filed, September 12, 2008, nor had it expired at the time the trial court granted the petition for expunction, January 28, 2009. Consequently, M.R. did not satisfy the requirement of showing that the limitations period for her offense had expired before she filed a petition for expungement.
Since there is no evidence to support M.R.'s expunction, and because M.R. did not meet her burden in showing how she is entitled to an expunction pursuant to either Subsection (i) or (ii) of Article 55.01(a)(2)(A) of the Texas Code of Criminal Procedure, the trial court abused its discretion in ordering M.R.'s record expunged. See In re Expunction of Jones, 311 S.W.3d at 505; J.H.J., 274 S.W.3d at 806; Bargas, 164 S.W.3d at 770; Ex parte *310 Jackson, 132 S.W.3d at 715; Heine, 92 S.W.3d at 646; Ex parte Guajardo, 70 S.W.3d at 204. Accordingly, we sustain Issues One and Two.
Having sustained the County's issues presented for review, we reverse the trial court's judgment and render judgment denying the petition for expunction.
RIVERA, J. Not Participating.
NOTES
[1] M.R. did not file a brief in response.