**Ex parte Gus ANDREWS.**

**No. 10–97–097–CV.**

Court of Appeals of Texas,
Waco.

Nov. 5, 1997.

John C. West, Jr., Chief of Legal Services, J. Frank Davis, Senior Hearing Examiner, and Charles R. Maddox, Asst. Gen. Counsel, Austin, for appellant.

Roger Knight, Jr., Laurie L. Knight, Roger Knight, Jr., Inc., Madisonville, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

This is an appeal from an order granting an expunction of a felony arrest record. Gus Andrews was indicted and arrested for making a false entry in a government document. TEX. PEN.CODE ANN. § 37.10(a)(1) (Vernon 1994). He pled nolo contendere and was placed on three years' deferred adjudication probation, which included eleven terms and conditions. After successfully completing the required period of supervision, Andrews was discharged from probation and the indictment was dismissed.

On September 5, 1996, Andrews filed a petition to expunge his arrest records. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.1997). All appropriate agencies were notified of the expunction hearing. The Madisonville city attorney and the current district attorney indicated that they did not oppose an expunction. The Department of Public Safety (DPS) opposed the expunction of Andrews' records. At the hearing, Andrews presented his own affidavit and an affidavit from the former district attorney (D.A.) outlining an agreement to expunge the records in exchange for a plea of no contest. Based on this evidence, the court signed an "agreed" order of expunction, concluding that it would be fundamentally unfair to deny the expunction because the State had already agreed to expunge the records and Andrews had successfully carried out his part of the agreement. DPS requested findings of fact and conclusions of law and filed this appeal based on legal and factual sufficiency grounds. No other agency objected to the order or filed an appeal.

DPS urges three points of error. In its first point, DPS asserts the trial court erred in finding that the agreement between Andrews and the D.A.'s office was binding on all parties. The second and third points complain that there was legally or, alternatively, factually insufficient evidence to support an expunction, and consequently no statutory basis exists for the expunction order.

Expunction is provided for statutorily under article 55.01 of the Code of Criminal Procedure. It provides that a person is entitled to have all records and files relating to an arrest expunged if he has been acquitted by the trial court, convicted and subsequently pardoned, or each of the following conditions exist:

(A) an indictment or information charging him with the commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed ... because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void.

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there is no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.1997).

The expunction statute is unusual. It attempts to create a civil case out of what is essentially a criminal matter.[1] It divides the state into competing entities, who can argue different legal and factual theories, by allowing each agency to be represented by different counsel. *Id; Texas Dept. of Pub. Safety v. Deck,* 954 S.W.2d 108, 110–111 (Tex.App.—

---

1. The difference is the ultimate decision in these essentially criminal-law matters will be made by the Supreme Court rather than the Court of Criminal Appeals. *See* TEXAS CONST art. V, §§ 3, 5; TEX. GOV'T.CODE ANN. § 22.001 (Vernon 1988) (Supreme Court's jurisdiction excepted in "criminal law matters").

San Antonio 1997, on rehearing, n.w.h.)(designated for publication); *Ex Parte Stiles,* No. 10–97–041–CV, slip op. at 4, —— S.W.2d ——, ——, 1997 WL 615623 (Tex.App.—Waco, October 8, 1997) (designated for publication)(motion for rehearing filed). It has been strictly interpreted in ways that arguably defeat its intent. *Holmes, Harris County D.A. v. Lacafta,* No. 14–96–376–CV, —— S.W.2d ——, 1997 WL 589331 (Tex.App.—Houston [14th Dist.] September 25, 1997, n.w.h.) (deny expunction to one who was not "arrested," although a record of an arrest existed because another person used petitioner's name).

We are presented with a dilemma. If we affirm, we have approved an expunction order for which grounds arguably may not exist under a strict reading of the statute. *See Texas Dept. of Public Safety v. Butler,* 941 S.W.2d 318 (Tex.App.—Corpus Christi 1997, no writ) (defendant placed on deferred adjudication probation was not entitled to expunction of his arrest records after he successfully completed probation and criminal proceeding against him was dismissed); *State v. Knight,* 813 S.W.2d 210 (Tex.App.—Houston [14th Dist.] 1991, no writ) (deferred adjudication probation makes records ineligible for expunction). If we reverse and render judgment denying the expunction, we place local elected officials in the position of having violated a plea-bargain agreement, which evidence shows was entered into by an elected district attorney, approved by an elected district judge, and faithfully carried out by the other party to the agreement.

DPS' second and third points attack sufficiency, pointing to the absence of any document from the underlying criminal case that mentioned a plea agreement. It also questions whether the affidavits presented by Andrews at the expunction hearing are sufficiently grounded on personal knowledge of the affiants. In a reply brief, the DPS sought a reversal and remand of this case as an alternative to rendering judgment. During oral argument, Andrews requested a remand if we found error based on the court's finding that a plea agreement concerning expunction existed. We will remand.

■ A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). In reviewing a legal insufficiency challenge or "no evidence" point, we only consider evidence that tends to support the challenged findings. *See id.* In reviewing a factual sufficiency point, we weigh all of the evidence in the record. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.*

■ We believe that the affidavits are some evidence of an agreement; thus, we cannot sustain the legal sufficiency point. We find, however, that the evidence is factually insufficient to support the court's finding, in light of the absence of any mention of an agreement in the documents that DPS presented into evidence. Thus, we sustain the factual-sufficiency point, setting the stage for a remand to the trial court. We do not reach the question of whether the state, including DPS, is estopped from denying the expunction.

■ Andrews, DPS asserts, has the burden of proving compliance with all of the statutory requirements and failed to present any evidence that would justify an expunction order under article 55.01. *Harris v. State,* 733 S.W.2d 710, 711 (Tex.App.—San Antonio 1987, no writ). Although true, the failure is explained by the fact that Andrews relied exclusively on the theory he was entitled to the order because the state had already agreed to it. In the interests of justice, we will not reach DPS' contention and will remand the cause so that the record can be fully developed regarding Andrews' rights under the statute as well as the existence of a plea agreement that included future expunction of his records. Tex.R.App. P. 43.3(b).

The judgment is reversed and the cause remanded to the trial court for further proceedings.