Ex parte Joe Don HARRISON.

No. 11–00–00359–CV.

Court of Appeals of Texas,
Eastland.

July 19, 2001.

W.W. Price, Jr., Thornton & Price, Olney, for appellant.

J. Frank Davis, Philip Cline, Expunction Atty., Austin, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT and McCALL, JJ.

Opinion

McCALL, Justice.

Joe Don Harrison appeals the trial court's order denying the expunction of his May 1997 arrest for aggravated sexual assault from the records of the Nolan County District Attorney, the Nolan County Sheriff, and the Texas Department of Public Safety (the Department). Harrison pleaded guilty to the offense of kidnapping

arising from the incident. As part of the plea bargain, the district attorney agreed not to oppose Harrison's petition for expunction of the aggravated sexual assault arrest. The Department did oppose the petition, and the trial court denied expunction. In two issues on appeal, Harrison argues that the district attorney's agreement should estop the Department from challenging his petition and that the trial court's denial of expunction violates the Double Jeopardy Clause. U.S. CONST. amends. V and XI. We affirm.

▬ A person is entitled to the expunction of his arrest records only if he proves the requirements set forth in TEX. CODE CRIM. PRO. ANN. art. 55.01(a) (Vernon Pamph. Supp.2001). The right to expunction is statutory; courts have no equitable power to expunge records. Harris County District Attorney v. Lacafta, 965 S.W.2d 568, 569 (Tex.App.—Houston [14th Dist.] 1997, no pet'n); Ex parte Andrews, 955 S.W.2d 178, 179–80 (Tex.App.—Waco 1997, no pet'n). In the trial court, the Department contended that Harrison failed to prove that the aggravated sexual assault indictment was dismissed:

> [B]ecause the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe [that Harrison] committed the offense.

See Article 55.01(a)(2)(A). The trial court concluded that the indictment was dismissed as part of the plea bargain agreement in the kidnapping case. Harrison does not challenge that finding here.[1]

▬ Harrison argues in his first issue on appeal that the district attorney's agreement not to oppose expunction should estop the Department from opposing it. He contends that the district attorney and the Department are both agents of the State and, thus, should be treated as the same entity. Harrison's argument is answered by the plain language of the expunction statute.

▬ First, a petition for expunction is filed ex parte; it is not a suit against the State. TEX. CODE CRIM. PRO. ANN. art. 55.02, § 2(a) (Vernon Pamph. Supp. 2001). TEX. CODE CRIM. PRO. ANN. art. 55.02, § 2(c) (Vernon Pamph. Supp. 2001) provides that the trial court shall give notice of the expunction hearing to each agency named in the petition for expunction and that "such entity may be represented by the attorney responsible for providing such agency with legal representation in other matters." TEX. CODE CRIM. PRO. ANN. art. 55.02, § 3(a) (Vernon Pamph. Supp.2001) provides that any "agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases." These provisions are a legislative determination that, in expunction proceedings, the district attorney and the Department are separate entities and not agents of the same entity, the State.

The court in Texas Dept. of Public Safety v. Katopodis, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ), followed this same reasoning to conclude that a district attorney's agreement not to oppose expunction could not bind the Department. The language of the statute leads us to agree. We hold that the district attorney's agreement with Harrison did not estop the Department from opposing expunction.

---

1. The motion to dismiss the indictment stated this reason for dismissal: "The defendant was convicted in Cause No. 9250 [the kidnapping case] and was sentenced to 10 years confinement in TDCJ–ID." Harrison, the only witness at the hearing, testified that, in his opinion, there was no probable cause to support the aggravated sexual assault indictment.

Harrison contends that, if the Department is not estopped, his guilty plea to the kidnapping charge is rendered involuntary. The potential effect of the outcome of this case on Harrison's guilty plea is not a factor in determining whether he is entitled to expunction. But cf. *Ex parte Andrews, supra* at 180 (cause remanded for determination of effect of agreement on entitlement to expunction). We do not need to decide that question today; Harrison must raise the voluntariness of his plea elsewhere. We overrule Harrison's first issue on appeal.

Harrison argues in his second issue on appeal that the trial court's denial of expunction violates the Double Jeopardy Clause. The mere maintenance of the aggravated sexual assault arrest record does not put Harrison in jeopardy for that offense; this issue will arise only if the district attorney reindicts and prosecutes him for the alleged aggravated sexual assault. Harrison also argues that the district attorney's choosing to prosecute the kidnapping charge estops the Department from contesting the expunction. As noted above, however, the trial court has no equitable power to grant an expunction. Harrison must prove the statutory requirements. *Harris County District Attorney v. Lacafta, supra; Ex parte Andrews, supra.* We overrule Harrison's second issue on appeal.

The judgment of the trial court is affirmed.