TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

**Johnny Ali LaROUSSI, Appellee.**

**No. 12–05–00100–CV.**

Court of Appeals of Texas, Tyler.

April 12, 2006.

J. Frank Davis, Expunction Atty., Austin, for appellant.

Thomas L. Hooton, Dallas, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

The Texas Department of Public Safety (DPS) appeals an order granting expunction of an administrative license suspension to Johnny Ali LaRoussi. In three issues, DPS contends the trial court had no authority to enter the expunction order. We reverse the trial court's order of expunction and render judgment reinstating the administrative license suspension.

### Background

LaRoussi was indicted for driving while intoxicated (DWI) after being arrested in Kaufman County on November 4, 2003. Later, the Kaufman County district attorney dismissed the indictment before LaRoussi was brought to trial. On August 24, 2004, LaRoussi filed a "Request For Expunction" with the following statement:

> [D]efendant is entitled to an expunction of all records and files relating to said alleged offense of DWI under Article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure because Defendant was not convicted of the alleged offense.

Following a hearing, the trial court entered an order on October 1, 2004 finding that LaRoussi was "entitled to expunction" with respect to the DWI:

[T]he Court further finds that the circumstances surrounding the dismissal of said offense or the quashing of the indictment or information indicate that there was an absence of probable cause at the time of such dismissal due to false information.

The trial court then ordered various governmental entities, including DPS, to "obliterate all public references" to "the arrest and/or alleged offense." The record before us shows nothing occurring from October 1 until December 21, 2004 when the following order was signed and entered by the trial court:

CAUSE NO. *66048CC*

STATE OF TEXAS

v.

JOHNNY ALI LAROUSSI

IN THE COUNTY COURT

AT LAW

KAUFMAN COUNTY, TEXAS

#### ORDER

The Court, having determined that the DWI Case was filed by mistake on false information of driving while intoxicated at a Pre–Trial hearing before the court on ——, in Cause No. 66048CC, and having further determined that this charge was the basis of the ALR suspension which was effective from 02–11–04 to 02–09–06.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT THE DEPARTMENT OF PUBLIC SAFETY SHALL IMMEDIATELY RESCIND THE DRIVER'S LICENSE SUSPENSION FROM DEFENDANT *Johnny Ali Laroussi,* AND SHALL REMOVE ANY REFERENCE TO THE SUSPENSION FROM DEFENDANT *Johnny Ali Laroussi's* DRIV-

ING RECORD. [See Transp. Code § 524.015(b); § 724.048(c) ].

IT IS FURTHER ORDERED THAT IF THE DRIVER'S LICENSE ALR SUSPENSION IS NOT YET IMPOSED, THE DEPARTMENT OF PUBLIC SAFETY SHALL NOT SUSPEND THE DRIVER'S LICENSE OF DEFENDANT *Johnny Ali Laroussi.*

SIGNED and ENTERED this 21st Day of December, 2004

/s/ ——

(JUDGE PRESIDING)

County Court at Law

Kaufman County, Texas

DPS filed a motion for new trial attempting to overturn the trial court's December 21 order expunging the administrative license suspension of LaRoussi. The trial court denied the motion, and DPS timely filed this appeal.

### TRIAL COURT'S PLENARY POWER

In its second issue, DPS contends that the trial court abused its discretion by entering the December 21, 2004 order expunging the administrative license suspension because the court's plenary power ended on October 31, 2004. Citing no supporting authority, LaRoussi responds that courts in Texas "routinely enter orders of expunction long after thirty days have elapsed."

#### Applicable Law

■ A person arrested for either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the indictment was dismissed or quashed and the court finds that the indictment or information was dismissed or quashed because of mistake, false information, or other similar reason indicating absence of probable cause that the person committed the offense. TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii) (Vernon

Supp.2005). The right to expunction of criminal records is a creature of statute, and the Texas Code of Criminal Procedure governs the process. *Tex. Dep't of Public Safety v. Moore*, 51 S.W.3d 355, 357 (Tex. App.-Tyler 2001, no pet.). However, expunction of records is a civil claim, not a criminal case. *See State v. Henson*, 573 S.W.2d 548, 549 (Tex.Crim.App.1978).

■ An administrative license suspension entered by DPS following an indictment for a DWI may be expunged following an acquittal of the DWI charges. *See* TEX. TRANSP. CODE ANN. §§ 524.015, 724.048 (Vernon 1999). The right to expunction is statutory; courts have no equitable power to expunge records. *See Ex parte Harrison*, 52 S.W.3d 901, 902 (Tex. App.-Eastland 2001, no pet.). A case attempting expunction of an administrative license suspension is a separate civil matter beyond expunging a DWI indictment and arrest. *See* TEX.CODE CRIM. PROC. ANN. art. 55.06 (Vernon Supp.2005).

■ A trial court has plenary power over its judgment until it becomes final. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993). A final judgment is one that finally disposes of all remaining parties and claims based on the record in the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001). A trial court retains plenary power for thirty days after signing a final judgment absent the filing of a motion for new trial or other posttrial motion challenging the judgment. TEX.R. CIV. P. 329b(d), (e), (g). Orders issued after the expiration of a trial court's plenary power are void for lack of subject matter jurisdiction. *See In re Barrett*, 149 S.W.3d 275, 278 (Tex.App.-Tyler 2004, orig. proceeding); *see also Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (judgment is void when a trial court had no authority or capacity to act as a court). A trial court abuses its discretion when it

attempts to exercise a power that it does not legally possess. *Stone v. Griffin Communications and Sec. Sys., Inc.*, 53 S.W.3d 687, 695 (Tex.App.-Tyler 2001, no pet.). A trial court may be reversed for abusing its discretion only when the court of appeals determines the trial court acted in an unreasonable or arbitrary manner. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). Stated somewhat differently, abuse of discretion occurs when a trial court acts without reference to any guiding rules and principles. *Id.* A clear failure by the trial court to analyze or properly apply the law correctly constitutes an abuse of discretion. *In re Moore*, 153 S.W.3d 527, 532 (Tex.App.-Tyler 2004, orig. proceeding) [mand. denied]; *see also Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

### Analysis

■ The only civil claim before the trial court when it entered its October 1 order expunging records was the DWI arrest and indictment. The order of that date clearly expunged only records dealing with the DWI arrest and indictment. No further pleadings or motions were filed with the trial court within the next thirty days. On October 31, 2004, the trial court lost plenary power to issue any further orders of expunction in this case because it had already dealt with the only pleaded claim for expunction. The attempt to expunge the administrative license suspension was a separate claim that was not brought before the trial court before October 31, 2004. *See* TEX.CODE CRIM. PROC. ANN. art. 55.06. We hold that the trial court lost all plenary power in the existing civil case on October 31 and therefore its December 21 order was void. We sustain DPS's second issue.

### DISPOSITION

Because DPS's second issue is dispositive, we need not consider its remaining

issues. *See* TEX.R.APP. P. 47.1. We *reverse* the trial court's order of December 21, 2004 and *render* judgment reinstating DPS's administrative suspension of LaRoussi's license from February 11, 2004 to February 9, 2006.