**Affirmed as Modified and Memorandum Opinion filed August 8, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00572-CV

---

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### T.R.W., Appellee

---

**On Appeal from the 207th District Court**
**Hays County, Texas**
**Trial Court Cause No. 16-1887**

---

## MEMORANDUM OPINION

The Texas Department of Public Safety appeals from the trial court's order expunging records and files relating to a misdemeanor theft charge against T.R.W. The trial court's expunction order addresses multiple charges stemming from two different dates—October 31, 2011 and January 2, 2012—but DPS only challenges the expunction of the theft charge filed on the latter date.[1]

---

[1] Because DPS does not challenge the expunction of the October 31, 2011 charges, we do

In regards to the January 2, 2012 theft charge, DPS contends in two issues that (1) the trial court misinterpreted the expunction statute and (2) the expunction ruling was not supported by legally sufficient evidence. Because T.R.W. did not present evidence establishing her entitlement to expunction of the January 2, 2012 theft charge, we modify the trial court's expunction order to remove the language ordering expunction of records and files pertaining to that charge. We affirm the order as modified.

This case was transferred to this court from the Third Court of Appeals by a Texas Supreme Court transfer order. We must therefore decide the case in accordance with the precedent of the Third Court of Appeals if our decisions otherwise would have been inconsistent with that court's precedent. *See* Tex. R. App. P. 41.3.

### *Background*

T.R.W. was arrested on January 2, 2012 and charged with both misdemeanor theft and misdemeanor possession of a controlled substance. Both offenses were also alleged to have occurred on January 2, 2012, but the record does not contain any other details concerning the circumstances involved. T.R.W. and the State thereafter entered a plea agreement. Pursuant to this agreement, T.R.W. entered a Pre-Trial Intervention Program (PTI) in regards to the theft charge. She further pleaded no contest to the possession charge and was sentenced to deferred adjudication. Under the terms of her deferred adjudication, T.R.W. was sentenced to two years of community supervision.

After T.R.W. successfully completed the terms of her PTI, the theft charge was dismissed. After she completed the terms of her deferred adjudication, the

---

not address that portion of the expunction order.

possession charge was likewise dismissed. On September 12, 2016, T.R.W. requested an order of nondisclosure under Texas Government Code chapter 411, subchapter E-1 regarding records pertaining to the possession charge. This request was granted on October 19, 2016. T.R.W. also filed her petition for expunction on September 12, 2016, requesting expunction of records and files pertaining to her theft charge pursuant to Texas Code of Criminal Procedure article 55.01(a)(2).[2]

DPS filed an answer asserting principally that because T.R.W. received community supervision for the possession charge stemming from the same arrest, she was not entitled to have records expunged relating to the theft offense under article 55.01(a)(2). Despite notice, however, DPS failed to appear for the hearing on the petition for expunction.

At the hearing, T.R.W.'s counsel addressed the community supervision issue raised by DPS by asserting that because the records relating to the possession charge were subject to a nondisclosure order, DPS could not rely on the possession charge to contest expunction of the theft charge. Counsel additionally argued that DPS (as a representative of the State) was estopped from contesting expunction of the theft charge because the PTI documents relating to that charge stated T.R.W. could get records relating to the charge expunged upon successful completion of the terms of the PTI.

Also at the hearing, an assistant district attorney from the Hays County District Attorney's Office appeared and pointed out that someone from that office had signed the proposed expunction order as "Approved." The assistant district attorney also indicated that the district attorney's office was not challenging T.R.W.'s entitlement to expunction. At the conclusion of the hearing, the trial court

---

[2] T.R.W. did not expressly cite article 55.01(a)(2) in her petition for expunction, but she asserted that she met the requirements of that section.

3

ordered that the records pertaining to T.R.W.'s theft charge be expunged.

DPS now brings this restricted appeal. In its first issue, DPS asserts that the trial court misinterpreted the statute in ordering expunction, arguing that because T.R.W. received community supervision for one offense stemming from her January 2, 2012 arrest, her records cannot be expunged for any offense stemming from that arrest. In its second issue, DPS asserts that the evidence was legally insufficient to establish T.R.W.'s entitlement to expunction of the records pertaining to the theft offense.

### *Standards of Review*

In a restricted appeal, the appellant must demonstrate that: (1) it filed notice of the appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). It is undisputed in this case that DPS has satisfied the first three requirements for a successful restricted appeal. The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal as error apparent on the face of the record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Arbogust v. Graham*, No. 03-17-00800-CV, 2018 WL 3150996, at *1 (Tex. App.—Austin June 28, 2018, no pet.) (mem. op.).

DPS contends that the trial court misinterpreted the requirements of the statute and that the evidence presented at the expunction hearing was legally insufficient to support the order. We review the trial court's interpretation of a statute de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In doing so, our primary objective is to effectuate the legislature's intent.

4

*City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We ascertain intent by first looking to the plain and common meaning of the words used in the statute. *Id*. at 625–26. We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from the context, or unless such a construction would lead to absurd results. *Id*.; *see also* Tex. Gov't Code § 311.011. We view terms in context to give them full effect. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). And, we presume that the legislature intended a just and reasonable result. *City of Rockwall*, 246 S.W.3d at 626.

In deciding whether the trial court abused its discretion in making an expunction determination, we consider whether the trial court's ruling is supported by the evidence. *Ex parte Brown*, No. 14-17-00695-CV, 2018 WL 3977174, at *2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.) (citing *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied) (en banc)). When reviewing for legal sufficiency, we consider the evidence in the light most favorable to the trial court's finding and indulge every reasonable inference that supports the challenged finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id*. at 827. We will sustain a legal sufficiency challenge if the record reveals: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Id*. at 810; *G.B.E.*, 459 S.W.3d at 624.

### *Expunction Law*

The remedy of expunction allows a person who has been arrested to have all

5

records and files relating to the arrest removed from the State's records if she meets the statutory requirements set out in the expunction statute, chapter 55 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. arts. 55.01-.06; *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.). Expunction is not a right but a statutory privilege, and the petitioner bears the burden of proving that each of the required conditions have been met. *G.B.E.*, 459 S.W.3d at 625. To carry this burden, the petitioner must provide more than mere allegations in a verified pleading. *Tex. Dep't of Pub. Safety v. J.W.M.*, No. 03-17-00792-CV, 2018 WL 6519696, at *3 (Tex. App.—Austin Dec. 12, 2018, no pet.) (mem. op.). A trial court must strictly comply with the statutory requirements and has no equitable power to expand the remedy's availability beyond what the legislature has provided. *Nail*, 305 S.W.3d at 675.

The expunction statute identifies several different circumstances under which expunction is permitted, including acquittal, pardon, on recommendation by a prosecutor, and when charges are dismissed. Tex. Code Crim. Proc. art. 55.01; *see also State v. T.S.N.*, 547 S.W.3d 617, 623 (Tex. 2018) ("Different parts of the article, including the expunction requirements, address different factual situations . . . ."). Each potential avenue has requirements that must be satisfied before expunction may be ordered. *See id.* at 620 ("A person is not entitled to expunction until all of the statutory conditions are met."). As mentioned, T.R.W. sought expunction specifically pursuant to article 55.01(a)(2), which at the time she filed her petition provided in full:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .

6

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42.12 for the offense, unless the offense is a Class C misdemeanor provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and:

(a) at least 180 days have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class C misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(b) at least one year has elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class B or A misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(c) at least three years have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a felony or if there was a felony charge arising out of the same transaction for which the person was arrested; or

(d) the attorney representing the state certifies that the applicable arrest records and files are not needed for use in any criminal investigation or prosecution, including an investigation or prosecution of another person; or

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake,

7

false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; or

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. art. 55.01(a)(2).[3]

The law interpreting article 55.01 has been in flux over the past year, particularly in regard to whether the statute should be interpreted as permitting expunction for individual alleged offenses when multiple alleged offenses were charged following a single arrest. Before the Texas Supreme Court issued its opinion in *T.S.N.*, most courts of appeals that had addressed the issue, including the Third Court, held that the statute was wholly arrest-based, meaning if not all of the charged offenses stemming from an arrest were eligible to be expunged, then no charged offense stemming from the arrest could be expunged. *See, e.g., Tex. Dep't of Pub. Safety v. A.M.*, No. 03-17-00114-CV, 2018 WL 1177601, at \*2 (Tex. App.—Austin March 7, 2018, no pet.) (mem. op.) ("Texas courts, including ours, have held that article 55.01 requires an 'arrest-based' approach to expunction because it authorizes expunction of records concerning an arrest. . . . If expunction is not available for all charges stemming from an arrest, it is not available for any of them."); *T.H. v. Tex. Dep't of Pub. Safety*, No. 03-15-00304-CV, 2016 WL 5874869, at \*3 (Tex. App.—Austin Oct. 6, 2016, no pet.) (mem. op.) ("The statute

___

[3] At the time of her arrest and at the time T.R.W. filed her petition for expunction, article 55.01(a)(2) referenced community supervision under Chapter 42.12. The referenced community supervision provisions were subsequently moved in a nonsubstantive revision to chapter 42A, and the current version of article 55.01(a)(2) reflects this change. *See* Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 2.23, 2015 Tex. Sess. Law Serv. 2320, 2372. Although T.R.W. clearly sought expunction pursuant to article 55.01(a)(2), she did not specify under which subsection her claim fell, i.e., (A)(i), (A)(ii), or (B).

does not address or make allowances for expunction of individual offenses stemming from an arrest."); *see also Ex parte N.B.J.*, 552 S.W.3d 376, 381-83 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (discussing state of the law prior to *T.S.N.*).[4]

In *T.S.N.*, the Texas Supreme Court rejected this notion that article 55.01 as a whole was arrest-based, stating: "To the extent the courts of appeals have stated that article 55.01 is entirely arrest-based, we disagree. Article 55.01 is neither entirely arrest-based nor offense-based." 547 S.W.3d at 623. The facts before the court in *T.S.N.* implicated only subsection (a)(1) of article 55.01, the subsection concerning expunction after an acquittal. *Id*. at 618-19. The court stated that for purposes of that subsection, expunction was permissible for an individual offense stemming from an arrest even if records for other offenses stemming from that arrest were not eligible for expunction, so long as the offenses were unrelated. *Id*. at 621, 623.[5] The court expressly did not take a stand on whether subsection (a)(2) of article 55.01, the subsection under which T.R.W. seeks expunction, is arrest-based, offense-based, or some combination thereof. *Id*. at 623 ("The expunction scheme under subsection (a)(2) is not at issue, and we express no opinion about it."). As the court noted, the prerequisites for expunction under subsections (a)(1)

---

[4] These courts typically based their reading of the statute on two rationales. First, the opening sentence of article 55.01(a) emphasizes the arrest and not particular offenses: "A person who has been placed under . . . arrest . . . is entitled to have all records and files relating to the arrest expunged if . . . ." Second, it is often said that the purpose of the expunction statute is to allow the record of a wrongful arrest to be expunged. *See, e.g.*, *Travis Cty. Dist. Atty. v. M.M.*, 354 S.W.3d 920, 928 (Tex. App.—Austin 2011, no pet.) (en banc) ("[A]llowing a person to expunge individual charges when there is no suggestion that the arrest that resulted in the charges was wrongful would be contrary to a primary purpose of the expunction statute . . . .").

[5] In *T.S.N.*, the petitioner was arrested for one offense, but during the arrest process, a separate warrant for multiple other offenses occurring on a different day was also executed. 547 S.W.3d at 618. As the court stated, "Here, a single arrest occurred for multiple unrelated offenses." *Id*. at 621.

and (a)(2) "are quite different." *Id*. at 622.[6]

In *N.B.J.*, one of the first post-*T.S.N.* expunction cases, we addressed the question of whether subsection 55.01(a)(2)(B)—concerning expunction where the statute of limitations for an offense had run—allowed for the expunction of records pertaining to an individual offense when an arrest resulted in multiple charged offenses. *N.B.J.*, 552 S.W.3d at 383-84. We concluded, based on our reading of the statutory language and *T.S.N.*, that subsection (a)(2)(B) permitted expunction of "records stemming from each individual offense or charge, at least when the charges *are unrelated*." *Id*. at 384 (emphasis added).[7] Then, in *Ex parte Brown*, we held that the petitioner was disqualified from receiving an expunction pursuant to subsection 55.01(a)(2)(A) because the charges resulting from the petitioner's arrest were related and he was convicted of a felony for one of the offenses. 2018 WL 3977174, at *2-3 & n.4.[8]

However, in *In re Hoover*, the Fifth Court of Appeals cited two Third Court cases in concluding that even post-*T.S.N.*, "article 55.01(a)(2) 'maintains an arrest as the unit of expunction and that, consequently, a petitioner must prove that each charge arising from the arrest satisfies the requirements' of article 55.01(a)(2)."

---

[6] Interestingly, the court discussed in some detail and even quoted an earlier Third Court opinion in which the Third Court declined to opine regarding whether under article 55.01(a)(2), "a petitioner may expunge records related to a single charge arising from a multi-charge arrest when the charge for which expungement is sought is wholly *unrelated* to any final conviction arising from the arrest." *T.S.N.*, 547 S.W.3d at 623 (quoting *G.B.E.*, 459 S.W.3d at 629 n.3) (emphasis in *G.B.E.*).

[7] Similar to the situation in *T.S.N.*, the petitioner in *N.B.J.* was arrested for one charge, and while in jail, an outstanding warrant for an earlier offense was executed. *N.B.J.*, 552 S.W.3d at 378-79. We concluded on that basis that the offenses were unrelated. *Id*. at 381 n.6.

[8] Although the record regarding the underlying offenses was sparse in *Brown*, we noted that the aggravated robbery and capital murder offenses allegedly occurred on the same day and that the capital murder charge was based on an underlying felony offense of aggravated robbery. 2018 WL 3977174, at *1-3 & n.4.

10

No. 05-16-01363-CV, 2018 WL2926143, at *2-3 (Tex. App.—Dallas June 7, 2018, pet. filed) (mem. op.) (quoting *T.H.*, 2016 WL 5874869, at *4, and also citing *G.B.E.*, 459 S.W.3d 622).[9]

The Third Court has not stated a position regarding section 55.01(a)(2) post-*T.S.N.*, so we do not have its direct guidance in this transfer case. We conclude, however, that regardless of whether we apply the pre-*T.S.N.*, arrest-based, Third Court precedent (as the Fifth Court has) or apply the analysis we adopted in *N.B.J.* and look to whether the charges in question were related in determining whether an individual charge was subject to expunction, the outcome would be the same in this case. The record does not contain legally sufficient evidence to support expunction under either analysis.

*Analysis*

DPS's two issues are closely connected. In its first issue, DPS argues that the trial court misinterpreted the expunction statute in granting expunction in light of the fact T.R.W. was placed on community supervision for one of the offenses stemming from her January 2, 2012 arrest. In its second issue, DPS argues that the evidence was legally insufficient to support the trial court's order because T.R.W. failed to present evidence rebutting DPS's assertion that T.R.W. was placed on community supervision.[10] Although the trial court's interpretation of the statute is

---

[9] In *Hoover*, the petitioner had been charged with four counts of making false statements to obtain property or credit, but pursuant to a plea agreement, three of the charges were dismissed in exchange for the petitioner pleading guilty to the fourth charge and serving deferred adjudication community service. 2018 WL2926143, at *1. The Fifth Court affirmed the trial court's denial of expunction of records relating to the three dismissed charges. *Id.*

[10] At two points in its brief, DPS asserted that T.R.W. failed to present any evidence at the expunction hearing, but this is incorrect. At the hearing, T.R.W.'s counsel offered, and the court admitted, several exhibits into evidence, including the order granting T.R.W.'s petition for nondisclosure relating to her possession charge and the order assigning T.R.W. to the PTI program for her theft charge. Except for the matter of community supervision, DPS does not argue that the evidence failed to establish any other specific requirements for expunction.

not entirely clear, it is clear that the evidence was legally insufficient to support the expunction of records and files relating to the theft charge. Accordingly, as discussed below, we will sustain DPS's second issue.

**Under our post-*T.S.N.* precedent, T.R.W. failed to present evidence that the January 2, 2012 charged offenses are unrelated.**

As discussed above, in *N.B.J.*, we concluded that the Texas Supreme Court's reasoning in *T.S.N.* was also applicable to expunction under section 55.011(a)(2). 552 S.W.3d at 383-84. Accordingly, under our precedent, when an arrest resulted in multiple charges, a petitioner may have the records of an individual arrest expunged if the charges were unrelated. *Id*.

In the present case, however, T.R.W. did not present any evidence indicating that the two charged offenses emanating from her January 2, 2012 arrest were unrelated. *See id*.; *see also G.B.E.*, 459 S.W.3d at 625 (noting that a petitioner bears the burden of proving that all of the requirements for expunction have been met). As mentioned, there is little in the record regarding the offenses other than the fact that both allegedly occurred on the same day as the arrest and T.R.W. was assigned to PTI for the theft charge in part because she had entered a plea in two other cases. Those two other cases would presumably have included the possession charge on which T.R.W. pleaded no contest. T.R.W. does not point to any indication in the record that the theft and possession charges were unrelated. Without evidence that the theft and possession charges were unrelated, T.R.W. did not establish that she was entitled to expunction even under the more relaxed standard of *N.B.J. See Brown*, 2018 WL 3977174, at *1-3 & n.4 (concluding aggravated robbery and capital murder offenses were related when evidence indicated they occurred on the same day and the capital murder charge was based on an underlying felony offense of aggravated robbery); *N.B.J.*, 552 S.W.3d at 381

12

n.6 (concluding offenses were unrelated when petitioner was arrested for one offense, and while in jail, an outstanding warrant for an earlier offense was executed); *see also T.S.N.*, 547 S.W.3d at 618-19 (holding expunction under article 55.01(a)(1) is permissible for an individual offense when an arrest results in multiple charges only if the charged offenses are unrelated); *G.B.E.*, 459 S.W.3d at 629 & n.3 (establishing offenses as related when pursuant to plea bargain one charge was dismissed in exchange for entering a plea to the other charge).

**Under existing Third Court precedent, T.R.W. failed to present evidence that she did not receive community supervision.**

As also discussed above, under existing Third Court precedent, a petitioner is not entitled to expunction if she received community supervision for any charge stemming from an arrest. *See, e.g.*, *A.M.*, 2018 WL 1177601, at *2-4.[11] Here, T.R.W. does not dispute that she served community supervision for the possession charge stemming from the January 2, 2012 arrest, and the record contains ample documentation to establish that as a fact.[12]

T.R.W. instead raises two arguments as to why the trial court could not consider the fact that she received community supervision for one of the charges stemming from the January 2 arrest in determining her entitlement to expunction of the theft offense emanating from that arrest. First, T.R.W. contends that because the records relating to the possession charge were subject to a nondisclosure order, DPS could not rely on the community supervision for the possession charge to contest the expunction of the theft charge. Second, T.R.W. argues that DPS (as a

---

[11] It is unclear how the Third Court would rule after the Supreme Court's decision in *T.S.N.*, because it has not yet addressed the issue. While we call it "Third Court precedent," all courts must review their precedent in light of a new Supreme Court opinion on point.

[12] As one example, T.R.W. introduced the nondisclosure order into evidence, which states that she "was placed on 180-day deferred adjudication community supervision" for the possession charge allegedly occurring on January 2, 2012.

13

representative of the State) was estopped from contesting expunction of the theft charge because the PTI documents stated T.R.W. could get records relating to the theft charge expunged upon successful completion of the terms of the PTI. We discuss and reject each argument in turn.

**The nondisclosure order.** According to T.R.W., the nondisclosure order that she obtained regarding the possession charge prevented DPS from using the fact that she received community supervision for that charge to keep her from obtaining expunction of the records of her theft offense. *See generally* Tex. Gov't Code §§ 411.071–.0775 (governing issuance of nondisclosure orders). More specifically, T.R.W. argues that due to the nondisclosure order, DPS could not use evidence regarding her community supervision sentence as evidence in an expunction proceeding, which is a civil matter. In support, she cites Government Code section 552.021, which generally permits a person who has been granted a nondisclosure order to deny the occurrence of the criminal proceeding subject to the order unless the information is being used against the person in another criminal proceeding. *Id*. § 552.021(b).

T.R.W's argument, however, ignores the fact that it is her burden to affirmatively prove that all of the statutory requirements for expunction have been met. *See, e.g., G.B.E.*, 459 S.W.3d at 625. Moreover, as discussed in detail above, in drafting the expunction statute, the legislature drew the line at not permitting expunction if a person received community supervision. *See* Tex. Code Crim. Proc. art. 55.01(a)(2). Nothing in the nondisclosure rules suggests an intention to amend the line drawn within the expunction statute. *See* Tex. Gov't Code §§ 411.071–.0775. A nondisclosure order generally permits the recipient to avoid public disclosure of criminal records subject to the order. *See, e.g., id*. §§411.0755–.0765. Nothing in the statute entitles a person to expunction when the person does not

actually meet the requirements of the expunction statute. *See Tex. Dep't of Pub. Safety v. Ryerson*, No. 04-16-00276-CV, 2016 WL 7445063, at *3 (Tex. App.—San Antonio Dec. 28, 2016, pet. denied) (explaining key differences between expunction orders and nondisclosure orders and rejecting argument that it was inconsistent to prohibit expunction of an offense while permitting a nondisclosure order regarding the offense). Consequently, we reject T.R.W.'s argument that because she received a nondisclosure order pertaining to the possession charge, she was entitled to expunge records pertaining to her theft charge.[13]

**Estoppel.** Next, T.R.W. argues that DPS is estopped from contesting expungement because the PTI documents stated she could obtain expunction upon successful completion of the PTI. Along similar lines, T.R.W. also points out that an assistant district attorney signed the expunction order as "Approved" and another assistant district attorney stated at the hearing that his office was not contesting T.R.W.'s entitlement to expunction. T.R.W.'s arguments, however, rely on the twin fallacies that either the district attorney and DPS should be considered the same entity, as both are divisions of the State, or that the district attorney represented DPS for purposes of the expunction proceedings.

Under the expunction statute, each entity named in the petition as having documents to be expunged is entitled to represent itself and to appeal the trial court's ruling. *See, e.g., J.W.M.*, 2018 WL 6519696, at *2 (citing Tex. Code Crim.

---

[13] DPS argues that even under the nondisclosure statute, it was entitled to use the fact T.R.W. received community supervision for the possession charge in contesting expunction of records pertaining to the theft charge. Specifically, DPS points out that under Government Code section 411.0765, it was permitted to disclose the community supervision for "criminal justice . . . purposes," and it argues that contesting expunction is a criminal justice purpose. We conclude, however, that the analysis here does not need to go this far because, as explained in the text above, it was T.R.W.'s burden to establish she met the requirements of the expunction statute and that statute does not permit expunction when the petitioner received community supervision.

15

Proc. art. 55.02, §§ 2(c-1), 3(a) and *Tex. Dep't of Pub. Safety v. J.B.R.,* 510 S.W.3d 610, 616 (Tex. App.—El Paso 2016, no pet.)). In other words, "in expunction proceedings, the district attorney and [DPS] are separate entities and not agents of the same entity, the State." *Ex parte Harrison*, 52 S.W.3d 901, 902 (Tex. App.—Eastland 2001, no pet.); *accord Tex. Dep't of Pub. Safety v. Woods*, 68 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Consequently, any promise by the district attorney's office in a plea bargain with T.R.W. would not estop DPS from contesting T.R.W.'s entitlement to expunction. *See Woods*, 68 S.W.3d at 183-84 (holding plea agreement with district attorney did not estop DPS from contesting expunction); *Harrison*, 52 S.W.3d at 902 (same); *Tex. Dep't. of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ) (same).

Although a district attorney can represent the interests of other entities in an expunction proceeding, nothing in the record suggests that that occurred here. To the contrary, DPS filed its own answer, which was brought to the court's attention during the hearing and was at odds with the district attorney's posture in the case. *See, e.g.*, *J.W.M.*, 2018 WL 6519696, at *2 (holding no evidence supported contention that DPS was represented by county attorney even though county attorney called court's attention to DPS's answer); *Tex. Dep't of Pub. Safety v. J.W.D.*, No. 03-14-00101-CV, 2014 WL 7464229, at *1 (Tex. App.—Austin Dec. 31, 2014, pet. denied) (mem. op.) (holding assistant district attorney who appeared at hearing did not represent DPS); *cf. Scaife v. State*, No. 03-14-00274-CV, 2015 WL 3542883, at *2 (Tex. App.—Austin June 3, 2015, no pet.) (mem. op.) (holding assistant district attorney represented DPS at hearing based on fact he informed the court that he would be representing his office as well as DPS because DPS had asked him to appear on its behalf and nothing in the record contradicted the

16

assertion).[14] Because the district attorney's office did not represent DPS, any actions or statements by an assistant district attorney appearing to concede or agree to T.R.W.'s expunction request does not prevent DPS from contesting expunction on appeal.[15]

### *Conclusion*

Because the record does not contain legally sufficient evidence to support the trial court's expunction order, we sustain DPS's second issue. Accordingly, we modify the trial court's expunction order to remove the language ordering expunction of records and files pertaining to T.R.W.'s January 2, 2012 theft charge. We affirm the order as modified. *See* Tex. R. App. P. 43.2(b).

/s/    Frances Bourliot
Justice

Panel consists of Justices Christopher, Bourliot, and Spain.

---

[14] The assistant district attorney who appeared at the hearing in the present case specifically stated that he was "representing the Hays County Criminal District Attorney Office."

[15] To the extent T.R.W. suggests that the assistant district attorneys' actions constituted evidence that T.R.W. had fulfilled the statutory requirements and was therefore entitled to expunction, we disagree. The assistant district attorneys made no representation to the court regarding whether T.R.W. fulfilled the requirements. *See Ex parte Read*, No. 07-00-0535-CV, 2001 WL 1111496, at *2 (Tex. App.—Amarillo Sept. 21, 2001, no pet.) (mem. op.) (holding that district attorney's agreement not to contest expunction was no evidence that the statutory requirements had been met).

We further note that T.R.W. has not suggested in the trial court or on appeal that she has met the requirements for discretionary expunction pursuant to Code of Criminal Procedure article 55.01(b)(2). Tex. Code Crim. Proc. art. 55.01(b)(2); *see also A.M.*, 2018 WL 1177601, at *2 (rejecting discretionary expunction claim because it was not pleaded and further rejecting notion that assistant district attorney's signing proposed order as "Agreed" constituted a recommendation).