

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00014-CV

———————————————

IN RE T.B., Relator

---

Original Proceeding
16th District Court of Denton County, Texas
Trial Court No. 22-4175-16

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

In this original proceeding, Relator T.B.[1] (Father) seeks mandamus relief from the trial court's Order to Mediate. Father asserts that the trial court abused its discretion by ordering him (1) to appear for mediation in a matter where he had not been served with process, (2) to pay for the mediation, and (3) to appear at mediation with counsel he had not retained on that matter. We deny Father's petition in part and conditionally grant it in part.

## I. BACKGROUND

This original proceeding relates to two underlying proceedings in the trial court: (1) a divorce action filed by Real Party in Interest B.B. (Mother) in 2022 that concluded with a default judgment being entered against Father in 2023[2] (trial court cause number 22-4175-16) and (2) an enforcement action Mother filed in 2023, after the default judgment had been entered and Father had filed a notice of appeal (trial court cause number 23-10429-16).[3] Father retained counsel for his appeal[4] and for no

---

[1]To protect the identities of Relator and Real Party in Interest's minor children, we identify Relator and Real Party in Interest by their initials only. *See* Tex. Fam. Code Ann. § 109.002(d).

[2]At some point in 2022, Father moved to California.

[3]According to the mandamus record provided by Father, the trial court entered a final decree of divorce in cause number 22-4175-16 on April 26, 2023. Father had received notice and had been instructed by the trial court to appear but did not appear at the final hearing; he even e-mailed the trial court indicating that he did not intend to appear. He filed his restricted appeal in that case on October 30, 2023. On November 13, 2023, Mother filed a "Motion/Petition for Enforcement" and a

other purpose.[5]  The trial court set a hearing in cause number 22-4175-16 for January 2, 2024.

Mother subpoenaed Father's appellate counsel to attend and give testimony at that hearing and to produce certain designated documents and other tangible things. *See* Tex. R. Civ. P. 176.2.  After unsuccessfully moving to quash the subpoena and requesting a protective order and attorney's fees, *see* Tex. R. Civ. P. 176.6(e), 192.6, Hayes appeared at the hearing via Zoom.[6]

Mother appeared in person.  Hayes made clear to the trial court that (1) her representation of Father was at that time strictly limited to his appeal from the divorce decree in cause number 22-4175-16; (2) she had discussed Mother's "additional" filings with Father and had "indicated to him that if he wanted to obtain [her firm's] representation separately, th[en] he would need to have a separate fee agreement with

---

motion for a temporary restraining order in that same cause number; however, it appears that the trial court assigned those filings a new cause number: 23-10429-16. Mother also filed an original petition to effectuate a post-divorce property division in cause number 23-10429-16, although that document is not included in the mandamus record.  Because the trial court treated these actions as two separate cases, so will we.

[4]Father's restricted appeal from the divorce decree is currently pending in this court.  *See* Tex. R. App. P. 30 (providing for restricted appeals in civil cases).  Attorney Kris Hayes of Balekian Hayes, PLLC is the only attorney whose signature appears on the notice of appeal, and she is therefore his lead counsel for that appeal unless another attorney is designated.  *See* Tex. R. App. P. 6.1(a).

[5]Hayes is also the attorney who signed, certified, and filed Father's mandamus petition.  *See* Tex. R. App. P. 52.3(j).  It thus appears that Father has retained her to represent him in this original proceeding as well.

[6]Hayes had tested positive for COVID.

a separate retainer for separate causes of action"; and (3) she had not "even sent those to him because he hasn't expressed an interest in [her firm] doing that as of yet."

During the hearing, it was discovered that Father had not been served with citation in cause number 23-10429-16, nor had he been served with Mother's enforcement filing in cause number 22-4175-16.[7]  The trial court declined to hear those matters and ordered the parties to mediate.  The next day, the trial court signed an order stating:

> IT IS ORDERED that [Mother] and [Father] are to mediate cases 22-4175-16 and 23-10429-16 on or before January 22, 2024. IT IS ORDERED that mediation be done by Roger Yale and that the sole cost of mediation be paid for by [Father]. IT IS ORDERED that [Father] be in attendance in person for mediation.

Father now seeks mandamus relief from that order. On Father's motion, we stayed the Order to Mediate.

## II.  DISCUSSION

In his petition, Father raises three issues. First, he asserts that the trial court abused its discretion when it ordered him to appear for mediation in a matter where he had not been served with process.  Because Father had not been served with process and had not availed himself of the trial court's jurisdiction, he contends that the trial court lacked personal jurisdiction over him, and its Order to Mediate is

_____

[7]Mother filed—and the trial court granted—a Motion for Substituted Service in Cause No. 22-4175-16.  On February 28, 2024, Mother filed additional documents in this original proceeding showing that Father had been served with citation, her enforcement motion, and the trial court's Order for Substituted Service in that cause number.

4

therefore void. Second, Father asserts that the trial court abused its discretion when it ordered him to pay for mediation. Finally, Father asserts that the trial court abused its discretion when it ordered him to appear at mediation with counsel he had not retained on that matter.

With respect to Father's first issue, we agree that the trial court lacked jurisdiction to order the parties to mediate, albeit for a different reason than that advanced by Father: the trial court's plenary power in cause number 22-4175-16 had expired by the time it issued its Order to Mediate.[8] Regardless of whether an appeal has been perfected, a trial court retains plenary power for thirty days after the judgment is signed. Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). The expiration date for a trial court's plenary power is calculated from the date the court signs a final order disposing of all the claims and parties. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 95 (Tex. 2009). Proceedings related to the trial court's judgment after its plenary power has expired are generally beyond the trial court's jurisdiction. *In re Daredia*, 317 S.W.3d 274, 276 (Tex. App.—Fort Worth 2009, orig. proceeding), *mand. granted*, 317 S.W.3d 247 (Tex.

---

[8]Neither Father in his petition nor Mother in her response addresses the plenary power issue. But orders issued after the expiration of a trial court's plenary power are void for lack of subject matter jurisdiction. *Tex. Dep't of Pub. Safety v. LaRoussi*, 192 S.W.3d 637, 640 (Tex. App.—Tyler 2006, no pet.). Subject matter jurisdiction cannot be waived, "can be raised at any time, and must be considered by a court sua sponte." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 103 (Tex. 2012) (Hecht, J., concurring).

2010); *Clewis v. Safeco Ins. Co. of Am.*, 287 S.W.3d 197, 203 (Tex. App.—Fort Worth 2009, no pet.).

A party can extend the period of the trial court's plenary power by timely filing an appropriate postjudgment motion. *Lane Bank*, 10 S.W.3d at 310. If any party timely files a motion for new trial, for example, then the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely filed motions are overruled. Tex. R. Civ. P. 329b(e). But here, none of the parties filed any such postjudgment motion.[9] Therefore, the trial court's plenary power expired on May 26, 2023, thirty days after it signed the final divorce decree.

By statute, however, the trial court had the power to issue temporary orders in cause number 22-4175-16 during the pendency of Father's appeal. *See* Tex. Fam. Code Ann. §§ 6.709, 109.001. But it retained that power only "until the 60th day after the date any eligible party . . . filed a notice of appeal from final judgment under the Texas Rules of Appellate Procedure." *Id.* §§ 6.709(i), 109.001(b-2). That means that the trial court's jurisdiction to issue temporary orders in cause number 22-4175-16

---

[9]According to the mandamus record before us, the only motion filed in cause number 22-4175-16 between the entry of the final divorce decree on April 26, 2023, and the filing of Father's notice of appeal on October 30, 2023, was a Motion to Seal Court Records filed by Mother on May 8, 2023. The record does not contain the actual motion. We therefore have nothing before us indicating that the Motion to Seal Court Records included a request for a new trial or to vacate, modify, correct, or reform the judgment. Absent such a request, it is not the kind of postjudgment motion that would extend the trial court's plenary power under Rule 329b. *See* Tex. R. Civ. P. 329b.

expired on December 29, 2023, the sixtieth day after the date Father filed a notice of appeal and five days before the trial court signed its Order to Mediate.

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). But it is appropriate when the trial court's order is void rather than voidable. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) ("If a trial court issues an order []beyond its jurisdiction,[] mandamus relief is appropriate because such an order is void ab initio."); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding) ("Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired."); *In re T.O.*, No. 02-20-00016-CV, 2020 WL 1808291, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, orig. proceeding) (mem. op.) ("An order (other than an order correcting a mere clerical error or vacating a void order or judgment) that is issued after the expiration of a trial court's plenary power is void."). We hold that the Order to Mediate is void for lack of subject matter jurisdiction in cause number 22-4175-16. Accordingly, we sustain, in part, Father's first, second, and third issues.

We note an ambiguity in the record. At the hearing on January 2, 2024, the trial court stated:

> All right. I want you to mediate by January 22nd. Roger Yale is the mediator. Last name is spelled, Y-A-L-E. Y'all will have to coordinate with Mr. Yale's office to get a date from him. And I am going to require that [Father] pay the cost of the mediator.

When Hayes asked the trial court to clarify whether it was ordering the parties to mediate "in the '23 case, or . . . in the '22 case," the trial court responded, "I guess it's the '22 because we don't have service in the '23 case," but then added:

> Well, let me say this. I mean, you know, in mediation, you can do all kinds of stuff, right. You can say we agree that we're releasing any claims or settling any claims that have been brought, could have been brought, might be brought. You know, you can release all kinds of things.
>
> So I would say that anything is on the table, including the matters for appeal.

The Order to Mediate that the trial court signed on January 3, 2024, featured the styles of both cases with the style of cause number 23-10429-16 crossed out. However, the substance of the order states that Mother and Father "are to mediate cases 22-4175-16 and 23-10429-16 on or before January 22, 2024." We leave it to the trial court to resolve this ambiguity.

## III. CONCLUSION

The trial court's Order to Mediate is void in cause number 22-4175-16. To the extent that Father requests mandamus relief from the trial court's order in cause number 23-10429-16, we deny any such relief because of the ambiguity in the record. We do, however, conditionally grant a writ of mandamus, and we direct the trial court to vacate its Order to Mediate in cause number 22-4175-16 and to notify this court in writing, within twenty days of this opinion, that it has taken action consistent with our opinion. *See* Tex. R. App. P. 52.8(c). Mandamus will issue only if the trial court fails

8

to comply.  The temporary stay that this court issued on January 16, 2024, is ordered lifted upon the trial court's compliance with this court's order in this opinion.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  March 7, 2024